CASE 4—PETITION ORDINARY—APRIL 17.

## Reed vs. Lander.

APPEAL FROM BOURBON CIRCUIT COURT.

Under a parol agreement that he should have the use of land during his life, the tenant, a poor old man, entered, and, by the contributions and assistance of relations and others, made permanent improvements upon the land, which, at his death, were to revert to the owner. The owner thereafter notified his tenant to surrender, and sued for possession and rent. The tenant defended, and claimed pay and lien on the land for his improvements. *Held*—That the tenant was entitled to the value of his improvements, and a lien on the land for the amount thereof, and interest thereon from the date of the disaffirmance—notice to quit—and that he was liable for rent from that date.

JOHN A. PRALL, For Appellant,

CITED—

3 *B. Mon.*, 360; *Orcar vs. Botts.*

4 *Dana*, 568; *Barnett vs. Higgins.*

4 *Littell*, 220; *Shreve vs. Grimes.*

Reed vs. Lander.

3 *J. J. M.*, 101; *Young vs. Pate.*
14 *B. Mon.*, 365; *Bellamy vs. Ragsdale.*

HANSON & HANSON,                              For Appellee,

CITED—

1 *Marshall*, 388–89; *Fox vs. Langley.*
6 *B. Mon.*, 104; *Kay & Casey vs. Curd.*
3 *B. Mon.*, 360; *Orear vs. Botts.*
4 *Littell*, 373; *Ewing vs. Handley's ex'r.*
2 *J. J. M.*, 519; *Bell's heirs vs. Barrett.*
14 *B. Mon.*, 365–6; *Bellamy vs. Ragsdale.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellant Reed agreed with the appellee Lander, in 1859, to let him have the use of a lot of ground containing one acre or a little more, and worth not exceeding one hundred dollars, to enable Lander to build a house and other improvements upon it for a home for life, Lander then being an old and very poor man. The contract was not reduced to writing. The relations and friends of Lander appear to have contributed labor and materials and some money to assist in making the improvements. Reed also appears to have assisted, and for it to have claimed eighty dollars, part or all of which was paid to him by the contributions of others. He appears also to have agreed to pasture a cow for Lander, and give him fire-wood, and to have done so during part of the time Lander occupied the premises.

It seems to have been contemplated by Reed, in making the arrangement, that Lander and a son of his would work for him; but on what terms does not appear. The old man cropped with Reed one year. The son joined the army and was killed.

On the 13th day of September, 1866, Reed caused a written notice to be served on Lander, requiring him to

surrender the possession of the premises on or before the first of April, 1867. And on the 7th day of October, 1867, Reed brought this suit for the recovery of the premises, and one hundred and fifty dollars damages for being kept out of possession.

The defense controverted the plaintiff's right of recovery, and, by way of counter-claim, the defendant alleged the parol agreement under which he entered and the improvements he had made on the lot, and asserted a lien on the property for the same.

The plaintiff replied to the counter-claim, controverting the alleged parol contract, also the alleged value of the improvements, and claiming to have made most of the improvements himself; and that for all the defendant had contributed thereto, he had been largely more than compensated by the rents.

A reference to a commissioner resulted in a report fixing the value of the improvements at four hundred and fifty dollars, and the rents from the spring of 1859 to the fall of 1868, and including pasturage and firewood, at seven hundred and twenty-eight dollars.

The defendant excepted to the report.

The court sustained the exceptions of the defendant, and adjudged that he recover for improvements six hundred and seventy-one dollars, with interest from the 13th of September, 1866, the time of the service of the notice to quit, to be credited by one hundred and twenty-five dollars for rent, with interest from said 13th of September, 1866, and that for the balance so adjudged to the defendant he had a lien on the property; and Reed now seeks a reversal of that judgment.

The evidence not only sustains the conclusions of fact we have stated, but we think, by a decided preponderance, authorized the judgment of the court fixing the

value of the permanent improvements at six hundred and seventy-one dollars; also the rents for the time, estimated at one hundred and twenty-five dollars.

The only remaining question, therefore, to be determined, is, whether the court properly refused to allow the appellant rents for the use of the property before the 13th of September, 1866, and from that time allowed interest on the value of the improvements, and on the accruing rents.

As Lander entered on the premises under a just and equitable parol arrangement, by which it was contemplated that, with the charitable assistance of others, improvements would be made for his use for life, which, with the ground, would, at his death, revert to Reed, he ought not to be made accountable for rents until Reed disaffirmed the contract and demanded a restitution of the lot. (*Fox's heirs vs. Langley*, 1 *Mar.*, 388; *Kay, &c., vs. Curd, &c.*, 6 *B. Mon.*, 100); and from the time Lander is made to account for rents, he is entitled to interest on the amount of his improvements.

The judgment of the court seems to conform to this basis, and is as favorable to the appellant as the law and facts of the case would authorize.

Wherefore, the judgment is affirmed.