JUDGE PBTEBS
delivered the opinion oe the court.
On the 18th of May, 1866, the judgment confirming the master’s report and adjudging to Finnell & Winston certain amounts against the executrix and her surety was rendered, which judgment is found commencing on page 62 of this record. On the 14th of May, 1868, a second judgment was rendered on the same record in favor of McClure & Keen. No appeal was prayed from either of said judgments in the court below; but a transcript of the record was filed in the office of the clerk of this court on the 28th of January, 1869, and an appeal allowed by him. Summons issued, as appears by the steps indorsed on the record, to the County of Gallatin against McClure & Oreen. June 29, 1869, appellants’ brief was filed, and on the 5th of July a brief was filed by appellees, and the case submitted; and on the 22d of September, 1869, the judgment in favor of Finnell & Winston was reversed. In May, 1870, a motion was made to have the taxation of costs corrected, and in June following the taxation was corrected. In September a motion was made to set aside the opinion and judgment against them by Finnell & Winston, on the ground that no appeal was prosecuted from the judgment in their favor; and if there was they were not before the court when the cause was .heard, either by service of process or by appearance. That motion was overruled.
On the 15th of November, 1869, the opinion and mandate of this court were entered in the court below, and on motion of the executrix, Mrs. Jones, and Granville Garnett, her surety — satisfactory proof of the payment having been made *361 by tbe latter to Finnell & Winston of the sums adjudged to them by the court below in May, 1866, which judgment had been reversed by this court — they were adjudged to pay the same back to Garnett, and an execution awarded him for the same. And from that judgment this appeal is now prosecuted by them; and it is insisted that there never was any appeal from the judgment in May, 1866, in their favor.
On a leaf of the record, on the outside of which the style of the suit and the steps referred to are indorsed, is the following memorandum: “Jones’s ex’x and G. Garnett v. Finnell & Winston, judg’t. On page 62 appealed from. Th. N. Lindsey for Jones and Garnett.” This memorandum conforms to law and the rule of this court. And in his brief, filed in the case in June, 1869, before the cause was heard, the counsel for Jones and Garnett insisted on a reversal of the judgment in favor of appellants, and devoted the chief part of his argument to that point; so that this court is constrained to regard the appeal as having been prosecuted against appellants. Nor does it seem to be controverted when afterward a motion was made for the correction of the taxation of costs. But it does not appear’ that process had been executed on them, nor had they entered théir appearance when the cause was submitted; consequently the hearing as to them was premature; and the question now is, what is the effect as to them, and has this court any power now over the opinion and judgment rendered at a previous term of this court?
It was said in Scroggin’s administrator v. Scroggin, 1 J. J. Marsh. 365: “The court can not correct its own judgment of a former term; but it can correct the mistake of its clerk in recording a judgment so as to give an effect different from that authorized by the court.” And in Stephens v. Wilson, &c., 14 B. Mon. 88, it is said: “In fact this court has mo power to amend its judgments after the term unless there be something in its records to amend by. And when parties are made by *362 writ of error and summons, it can no more look into the original record for the purpose of amending its judgment as to parties, by seeing who ought to have been parties, than it can amend its judgments of affirmance or reversal by looking into the original record for the merits of the case.” It will be seen from these quotations that after a party is made so by writ of error, or appeal and summons, and a judgment is rendered, the court has no power over it after the term expires at which such judgment of reversal or affirmance was rendered; but where there is no service of summons, nor appearance of a party, the court can, after the expiration of the term, look into it, and upon ascertaining the fact make such corrections as are just and proper. As these parties were not before the court by service of process nor appearance, the appeal as to them was prematurely heard; and so far as the opinion and judgment affected their rights they were void, and their motion to set them aside should have prevailed; and the opinion overruling that motion is now hereby corrected, it being within the power of the court. And the opinion and mandate of this court, delivered on the 22d of September, 1869, reversing the judgment in favor of appellants, is now set aside, the cause having been prematurely heard as to them, and consequently the judgment of the court below entering the opinion and mandate aforesaid is reversed; and the appeal of Jones’s executrix and Garnett v. Finnell & Winston will be regarded as still pending, and will be set for trial at the next term of this court; and as the appellees have appeared in the case no summons against them will be necessary.