CHIEE JUSTICE ROBERTSON
delivered the opinion op the court.
This is a motion to set aside a judgment for ten per cent, damages rendered by this court during the winter term, 1869, on the affirmance of a judgment for money. The ground of the motion is the allegation that no supersedeas had been issued, and the last summer term having intervened, the only movement against the judgment for damages is a written notice that a motion would be made on the fifth day of the present term. A written response to that notice resists the motion on two grounds: first, unreasonable delay; and second, insufficient proof of the allegation.
The record shows that an appeal had been granted, and that a supersedeas-bond had been filed within the prescribed time in the clerk’s office of the circuit court, and also that a petition for a rehearing did not intimate that the cleric had never issued a certificate of supersedeas. Two certificates by the clerk of the circuit court constitute the only supplemental evidence presented on the motion — one accompanying the notice, and stating that he had issued no supersedeas; and the other filed with the response, explanatory of the first by the statement *401 that there was no record in his office of any such certificate in any case. The constructive effect of these certificates is that the clerk had no official knowledge of the issuing or non-issuing of a certificate of supersedeas in this case, and that his first statement was only a deduction from his want of personal memory of issuing such certificate of supersedeas. On the record and these certificates the mover insists that the case of Reed v. Lander, 5 Bush, 599, rules this case and sustains his motion. But we think otherwise, for the following reasons:
1. That case was on a rule, and not, like this, on a notice of a motion at a remote term.
2. There was no response or resistance to the motion, and therefore, without other evidence, this court had reason to infer from tacit admission that, as alleged, no supersedeas had been issued, and on that ground alone assumed as it did that none had ever been issued; and on that assumption we still approve that decision.
In this case time, though not conclusive against the jurisdiction of this court to correct its judgment for an error appearing on the face of the record, is nevertheless entitled to consideration in connection with other facts and presumptions conducing to negative the allegation that there was no supersedeas. The object of the code in requiring the clerk to issue a- certificate of supersedeas is merely to notify the appellee that the required bond had been executed and filed, and that his judgment was thereby suspended; and it is evident that all parties in this case considered the judgment as superseded. The law does not require any record of the issual of the supersedeas; and no evidence of its non-issual appearing in the record on which this court adjudged damages, and the appeal and the supersedeas-bond alone appearing on that record, we were authorized to presume that the appellee had been notified of the supersedeas, and especially as there was neither suggestion nor presumption to the contrary, but a strong fortifying *402 presumption from the conduct of the parties before the judgment, and a stronger presumption from the conduct of the appellant since. Scarcely any record in a similar case in which this court ever adjudged damages contained more evidence of a supersedeas than the appeal itself and the supersedeasbond. It does seem to us therefore that, on the record then before this court, the judgment for damages was not only right, but inevitable; and that if upon anything now appearing that judgment should be set aside, many of the like judgments for years past may be vacated by extrinsic facts, and instability and other mischievous consequences result from the precedent we are urged to initiate in this case. The clerk’s statements on such an official question, even if competent, do not prove that he did not issue the formal supersedeas, but only that he does' not remember that he did. This is altogether insufficient to prove dereliction of official duty imposed by a directory statute.
Standing on the official record, we can not see that the judgment for damages was unauthorized, or ought now to be set aside.
Wherefore the motion is overruled.