CASES 29, 30—MOTION IN COURT OF APPEALS—FEB. 29.

## Wade v. First National Bank of Franklin.

ON MOTION TO CORRECT MANDATES ISSUED BY THE CLERK OF THE COURT OF APPEALS IN TWO CASES.

1. ERRORS IN MANDATES ISSUED BY THE CLERK OF THE COURT OF APPEALS MAY BE CORRECTED on motion at the same or during the next term of the court.

    Wherever the record as it stood at the time the decision was rendered, when considered in connection with the opinion then delivered, shows that the clerk has made a mistake in entering the mandate, the Court of Appeals has power during the succeeding term to correct the error.

2. THE APPELLEE IS NOT ENTITLED TO DAMAGES AGAINST THE APPELLANT when the judgment of the lower court is affirmed on the original and reversed on the cross-appeal of the appellee.

    In these cases the Court of Appeals affirmed the judgments appealed from by the appellant, and reversed them on the cross-appeals of the appellee, and the clerk of the court entered the mandates so

as to award damages in favor of the appellee against the appellant in each case. *Held* that—

The legal effect of the affirmance on the original appeals, there being reversals on the cross-appeals, was not to leave the judgments unreversed, but to decide that there was no error to the prejudice of the appellant, and that he was not entitled to a reversal.

*It is therefore ordered* that so much of the mandates in these causes as awards damages to the appellee be set aside, and that this order be certified to the circuit court.

W. P. D. BUSH, . . . . . . . . . . . . . . ˙ For Wade,

CITED

7 Bush, 359, Finnéll, &c. v. Jones's ex'r, &c.
7 Bush, 399, Whitehead v. Boorom.
1 J. J. Mar. 365, Scroggin v. Scroggin.
14 B. Mon. 71, Stephens v. Wilson.

R. RODES, . . . . . . . . . . . . . . . For Bank.

JUDGE COFER ‚DELIVERED THE OPINION OF THE COURT.

The appellee recovered ˙two judgments in the circuit court against the appellant, from which the latter prosecuted appeals to this court, and, not satisfied with the judgments in its favor, the appellee prosecuted cross-appeals. ˙

The appeals were heard, and, perceiving no error to the prejudice of the appellant, the judgments were affirmed on his appeals; but, deeming some of the rulings of the court below prejudicial to the appellee, and those errors having prevented it from recovering as much in either case as we thought might otherwise have been recovered, we reversed the judgments on the cross-appeals, and the clerk of this court, in entering the mandates, awarded to the appellee damages as upon an affirmance, and the appellant has moved to correct the mandates so as to omit the award of damages.

The decision was rendered during the last term, and the time for filing a petition expired before the motion was made at this term to correct the mandates; and the counsel for appellee now insists that the mandates are correct, and that if

they are not, the term at which they were entered having expired, this court has no power to make the correction.

The judgments appealed from were rendered in ordinary actions, and the errors to the prejudice of the appellee, and which its cross-appeals sought to correct, could be corrected in no other way than by a reversal of the judgments and a new trial of each case.

The errors of the circuit court consisted in adjudging to the appellant credits to which he was not entitled.

We do not know of any rule of practice authorizing a new trial in an ordinary action as to a part of one entire cause of action or defense. Such an action is an entirety, and a trial disposes of the whole case, and a new trial must be likewise of the entire matter in issue. This court, in reversing a judgment at law, merely does that which it decides the circuit court should have done by granting a new trial. These causes were by consent tried by the court without the intervention of a jury, and therefore no motion for a new trial was necessary.

But if they had been tried by a jury it is certain that the appellee could only have obtained a correction of the errors of which it complained on its cross-appeals by motions for new trials, the granting of which would have resulted in setting aside the verdicts and judgments and re-opening the whole of each case.

As therefore the relief sought by prosecuting the cross-appeals could only be obtained after a reversal of the judgments, the appellee had no right to damages.

Has this court power upon motions made after the end of the term, and after the time for filing a petition for a rehearing has expired, to modify the mandates?

The case of Reed v. Lander (5 Bush, 21) was decided at the winter term, 1868 (April 17). Reed had executed a supersedeas bond, but failed to sue out a supersedeas. This court affirmed the judgment and awarded ten per cent damages,

whereupon the appellants, in June following, and after the commencement of the summer term, sued out a rule against the appellee to show cause why the judgment for damages should not be set aside, and no response having been made, the rule was made absolute, and the award of damages set aside.

The question whether the court had authority to correct its mandate at a subsequent term does not seem to have been presented, and was not directly decided. But the action of the court shows that it was then supposed that the power existed. (Reed v. Lander, 5 Bush, 598.)

In Whitehead v. Boorom (7 Bush, 399) the same question was presented at the second term after a judgment for damages had been rendered, and, without suggestion by either court or counsel of any doubt as to the power of the court, the motion was overruled on the ground that there had been unreasonable delay, and that the evidence that no supersedeas had issued was insufficient.

In Finnell v. Jones, &c. (7 Bush, 359) this court held that while it could not set aside a judgment of a former term, it could correct a mistake of its clerk in recording a judgment; and Scroggin v. Scroggin (1 J. J. Mar. 365) was cited in support of that decision.

In Stephens v. Wilson, &c. (14 B. Mon. 71) it was held that this court can amend its judgments after the expiration of the term, when there is any thing in the record to amend by.

In Reed v. Lander the court allowed evidence to be introduced to show that no supersedeas had been issued, and therefore that the appellee was not entitled to damages, and then on that extraneous evidence corrected its mandate of a former term.

In Whitehead v. Boorom extraneous evidence was heard at the second term, but was not acted on because of its insufficiency and the great delay in making the motion.

Whether these latter cases do not go further than the court would now feel inclined to go in altering its judgments of a former term, may well be doubted; but we think the cases of Finnell v. Jones, Scroggin v. Scroggin, and Stephens v. Wilson may be safely followed, and that wherever the record as it stood at the time the decision was rendered, when considered in connection with the opinion then delivered, shows that the clerk has made a mistake in entering the mandate, this court has power, at any rate during the succeeding term, to correct the error.

The opinion, although containing a statement that the judgments were affirmed on the original appeals, also contains the statement that the judgments were reversed on the cross-appeals; and this, as well as directions to award new trials, appears on the face of the mandates. The legal effect of the affirmance on the original appeals, there being a reversal of the judgments on the cross-appeals, was not to leave the judgments unreversed, but to decide that there was no error to the prejudice of the appellant, and that he was not entitled to a reversal.

It is therefore ordered that so much of the mandates in these causes as awards damages to the appellee be set aside, and that this order be certified to the Simpson Circuit Court.