CHARLES S. ADAMS, ADMINISTRATOR, &C., PLAINTIFF IN ERROR, VS. HELEN REQUA, FOR USE OF EDWIN HIGGINS, DEFENDANT IN ERROR.

CHARLES S. ADAMS, ADMINISTRATOR, &C., PLAINTIFF IN ERROR, VS. A. J. WAKEFIELD AND EDWIN HIGGINS, DEFENDANTS IN ERROR.

1. The rule is settled that a judgment rendered at one term may be amended at a subsequent term, *nunc pro tunc*, when from an inspection of the record in the cause it is apparent that the proposed amendment would have been a part of the original judgment or that the original judgment would have been in accordance therewith, had it not have been for the inadvertence of the court or an error or omission of the clerk.

2. When a suit is brought against an administrator of an estate and judgment rendered adding only after his name "administrator of estate of J. S. Adams," and the whole record shows that the suit was based on a claim or demand against the deceased person of whose estate the defendant is administrator, the court will, on motion, at a subsequent term, permit the record to be amended so as to show that the defendant was sued and judgment rendered against him "*as* administrator of J. S. Adams, deceased."

Writs of Error to the Circuit Court for Duval county.

The same points of law were involved in the two above entitled cases, and the following opinion in the ReQua case, which was the only one delivered, covers both cases, the judgment of the court below in each being affirmed.

In the case, in the Circuit Court, of " Helen ReQua for use of Edwin Higgins vs. John S. Driggs, Admr. of Estate of John S. Adams, deceased," judgment was entered in said court November 12, 1879, " that the plaintiff have and recover of and from the defendant" the sums of money named therein. Upon this judgment execution issued July 19, 1880, commanding, " that of the goods and chattels, lands and tenements of John S. Driggs, as administrator of the estate of John S. Adams, deceased," the said moneys be made. Charles S. Adams was afterwards appointed administrator *de bonis non, cum testamento annexo*, of the estate of said John S. Adams, deceased, in place of Driggs, removed. The plaintiff below, ReQua, for the use of Higgins, entered a motion, July 23, 1885, to amend the record, *nunc pro tunc. Scire facias* issued to said Adams, administrator, who demurred to and moved to quash the same; whereupon the court overruled said demurrer and motion, and ordered that said judgment and execution be amended, so that said judgment should read: " That the plaintiff, Helen ReQua, for use of Edwin Higgins, have and recover of and from John S. Driggs, as administrator *de bonis non, cum testamento annexo*, of the estate of John S. Adams, deceased," said moneys " to be levied and made of the goods and chattels, lands and tenements of the estate of John S. Adams, deceased, in the hands of the said administrator to be administered;" and so that said execution should read: " That of the goods and chattels, lands and tenements of the estate of John S. Adams, deceased, you cause to be made "

the money specified in the judgment, " recovered against John S. Driggs, as administrator *de bonis non, cum testamento annexo,* of said estate," and costs, "whereof the said John S. Driggs, administrator *de bonis non, cum testamento,* of said estate is convicted," &c.

Wakefield obtained a judgment in said Circuit Court, November 3, 1879, upon which execution issued July 19, 1880. This judgment and execution were in the same form as the original judgment and execution in the ReQua case. Wakefield assigned his judgment to Higgins, and on July 25, 1885, Wakefield and Higgins moved that the record be amended. Whereupon like proceedings were had as in the ReQua case, as above stated, and on November 28, 1885, it was ordered by the Circuit Judge that the judgment and execution be amended in the same manner as above set forth in said ReQua case. Whereupon the plaintiff in error sued out his several writs of error, and thereupon said causes were brought to this court.

*A. W. Cockrell & Son* for Plaintiff in Error.

*H. Bisbee* for Defendant in Error.

THE CHIEF JUSTICE delivered the opinion of the court:

The plaintiff made her motion in the Circuit Court of Duval county to amend a judgment rendered in the Circuit Court of said county on the 12th day of November, A. D. 1879, wherein she was plaintiff for the use of Edward Higgins, and "John S. Driggs, Administrator of J. S. Adams, deceased," was defendant.

The object of the motion was that the judgment and execution should be so amended as that it should appear thereon that they were awarded against John S. Driggs, as administrator *de bonis non, cum testamento annexo,* of J. S.

Adams, deceased. The rule is settled that a judgment rendered at one term may be amended at a subsequent term, *nunc pro tunc*, when from the record in the cause it is apparent, on inspection thereof, that the proposed amendment would have been a part of the original judgment, or that the original judgment would have been in accordance therewith if it had not have been for the inadvertence of the court, or an error or omission of the clerk.

The rule that the record admits of no alteration after the term, is obsolete. Freeman on Judgments, sec. 71. What is proper *data* to authorize an amendment, is a matter on which the decisions of the courts of the different States are contradictory. The better opinion seems to be that no record can be amended but by matter of record. Pittman vs. Law, 24 Georgia, 429 ; Fennell vs. Jones, 7 Bush, 359 ; Stephens vs. Wilson, 14 B. Monroe, 88 ; Makepeace vs. Lukens, 27 Ind., 435 ; Moody vs. Grant, 41 Miss., 565.

The record, the judgment and the execution contained in which is sought to be amended, shows that a suit was brought against John S. Driggs, administrator of J. S. Adams, deceased, on two promissory notes alleged to have been made by said Adams, in his life-time, and contains no statement of any cause of action against Driggs individually. It was unquestionably a claim or demand against Driggs in his representative capacity and must have been so understood by all the parties to the suit. In a similar case in New York, and which has mainly contributed to our conclusion, (Beers vs. Shannon, 73 N. Y., 292,) the suit was entitled "John L. Beers, executor of the last will and testament of John Beers, deceased."

The court say : "The first point made by the defendant is this, that the action is not brought by the plaintiff in a character representative of the deceased obligee. This is

based mainly upon the omission of the word ' as ' between the name of the plaintiff John L. Beers, and the description of him, ' *executor of, etc., of John Beers, deceased.*' in the title of the summons, and in the body of the summons, and in the title to the complaint. It is true that without that word, in that position, it has been sometimes held that the addition to the name of the party is but a *descriptio personæ*, and does not give to him other than a personal or individual character in the action. But it has been held, on the other hand, that though there be nought in the title of the process or the complaint to give a representative character to the plaintiff, that the frame and averments and scope of the complaint may be such as to affix to him such character and standing in the litigation. Stillwell vs. Carpenter, in Mem., 62 N. Y., 639, reported in full, 2 Abb., (N. C.,) 238. In the case in hand, the averments of the complaint are such that the defendant had full notice of the questions to be tried; that there was a definite issue presented for trial; that the judgment to be recovered might show what was determined by it, and that any other questton, dependent upon the character in which the plaintiff sued, could be readily presented. It was plain from the complaint that the cause of action, if any, devolved upon the plaintiff, as a representative of the deceased obligee, by the creation of a representative relation by the will."

" The remedy was patent and easy by motion to amend." Ib.; see also Stillwell vs. Carpenter, 62 N. Y., 639; Shand vs. Hanly, 71 N. Y., 222; Snead vs. Coleman, 7 Grattan, 300.

The judgment should have been properly against Driggs in his representative capacity, (Branch vs. Branch, 6 Fla., 314,) but under our liberal system of amendments which makes it the "duty of the courts of this State, and of every

Judge thereof, at all times to amend all defects and errors in any proceeding in civil cases," (sec. 97, McC's. Digest, p. 834,) if it had been called to the attention of the court at the trial the record would have been amended by inserting the word " as " before the designation of his representative capacity, it being apparent from the body of the declaration that such was plainly the intention. It still being apparent from the record there can be no objection to making the amendment at a subsequent term *nunc pro tunc.* The record also shows that it was Driggs, *as administrator de bonis non, cum testamento annexo,* who was intended, and this amendment was properly allowed. As to any rights acquired or lost under this judgment prior to the amendment in the court below, we express no opinion.

There is no error in the record and the judgment is affirmed.