## Breathitt Coal, Iron & Lumber Company v. Patrick.

(Decided September 28, 1911.)

### Appeal from Knott Circuit Court.

KELLY KASH, CHESTER A. BACH and GRANNIS BACH, HAZELRIGG & HAZELRIGG for appellant.

C. H. POLLARD, McQUOWN & BECKHAM for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

When the transcript in this case was prepared by the circuit court clerk he omitted to copy the bond and supersedeas. After it was filed in this court counsel for appellee discovered this omission and at once had the clerk of the circuit court supply the omitted copy of the bond, supersedeas, and the officer's return thereon, and this omitted part of the record was lodged with the clerk of this court. At the time it was so lodged with the clerk of this court, the record in the case was out of the office, being in the hands of counsel for appellant, who were then preparing their brief. After the supplied record had been lodged with the clerk it was discovered by counsel for appellee that there had been a mistake made by the clerk in copying the date of the supersedeas, and, to have this corrected, the papers were returned to the clerk of the circuit court. In due time the necessary correction was made, as appears from the affidavit of the clerk filed with the record, but before the corrected papers

were returned to this court the case was taken under submission, and when the opinion was rendered the copy of the bond and supersedeas were not with the papers. Counsel for appellee, upon making this discovery, filed a motion for damages upon the affirmance, and set out the facts.

This identical question has not heretofore been passed upon. In M. V. Monarch Co. v. Farmers and Traders Bank, 106 Ky., 206, it was held that no damages would be allowed when a copy of the bond and supersedeas were not made part of the record in this court. The copy of the bond was not tendered in that case until after the opinion had been handed down and the petition for a rehearing overruled. Here the copy of the bond and supersedeas was properly certified by the circuit court clerk and lodged with the clerk of this court before the case was submitted. When appellee had caused this to be done he had met the requirements of the law, for it is incumbent upon him only to have his transcript properly made out and lodged with the clerk of this court. It is not his duty to see that the clerk makes entries of this fact, either upon the back of the record or upon any books kept by the clerk of this court for that purpose. When the paper is lodged with the clerk of this court in his office it is as much a part of the record as though an entry was made of that fact upon the back of the record or upon books in the clerk's office kept especially for such purposes. Nor is the case altered because the clerk of this court permitted the supplemental record to be taken out of his office after it had been lodged with him. It was still in his care and under his custody. By reason of the execution of the bond and supersedeas, proceedings in the lower court were stayed pending the appeal, and a copy of that bond and supersedeas having been filed with the clerk of this court before the case was submitted and the opinion rendered, appellee was entitled as a matter of right to damages upon the affirmance, and it is so ordered.