## Louisville & Nashville Railroad Company v. Woodford, et al.

(Decided February 12, 1914.)

### Appeal from Fayette Circuit Court.

Appeal—Appeal to United States Supreme Court—Mistake in Transcript—How Corrected.—When a case is decided in this court and an appeal is taken to the United States Supreme Court, and while the case is pending in that court, a mistake in the transcript is discovered which was not discovered in this court, it may be corrected by motion in this court in the same manner as if discovered before the decision of the case in this court, the error not having affected the decision of the case in this court.

R. A. THORNTON, BENJAMIN D. WARFIELD and CHARLES H. MOORMAN for appellant.

ROBERT B. FRANKLIN, ROBERT C. TALBOTT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Sustaining motion to file amended certificate of clerk.

The judgment of the circuit court in this case was affirmed by us on February 21, 1913. (See L. & N. R. R. Co. v. Woodford, 152 Ky., 398.) Thereafter a writ of error was sued out by the railroad company and the case taken to the Supreme Court of the United States. On page 7 of the printed transcript filed in that court, this appears:

"And afterwards on the 19th day of November, 1911, the defendant filed a motion herein, which is in words and figures as follows, viz.:

"The defendant, Louisville & Nashville Railroad Company, says that the contract sued upon in this action was in writing, and that it has not been filed as an exhibit with the petition, nor as a part hereof; and defendant now moves that the plaintiffs be required to file the said written contract as an exhibit with their said petition."

A motion has been entered in this court by the appellees that an amended certificate of the clerk of the Fayette Circuit Court be filed showing that the true date is November 9th, not November 19th.; and that the clerical error be corrected and certified to the Supreme Court of the United States. The printed transcript corresponds with the transcript filed in this court when the case

was determined by us, but it does not correspond with the original record in the Fayette Circuit Court. In the opinion of this court the date of this order is stated as November 9th, the date apparently being taken from the brief of counsel based on the original record. There was no controversy about the matter in this court, the error in the transcript not being observed by us or called to our attention by counsel.

Why the error in the transcript is material we do not understand. The facts shown on this motion conclusively establish the clerical error. The transcript on its face shows that there is an error; for the next order is dated November 11th, and the bill of lading referred to in the motion as shown by the transcript, was filed on November 18th. An error of this kind will not be corrected in the United States Supreme Court, but must be corrected in the State Court. (Goodenough Horse Shoe Mfg. Co. v. Rhode Island Horse Shoe Co., 5 Otto, 368.) As the error cannot be corrected in the Fayette Circuit Court, it would seem that it must be corrected in this court in the same manner as if discovered before submission here; and that no injustice may be done, and that the Supreme Court of the United States may understand the facts, the motion to file the amended certificate of the clerk of the Fayette Circuit Court Clerk, is sustained, and the clerk of this court is directed to certify the proceedings had on this motion as well as this opinion to the United States Supreme Court as an additional record.

Motion sustained.