# Chesapeake & Ohio Railway Company v. Kelly's Administratrix.

(Decided December 15, 1914.)

## Appeal from Montgomery Circuit Court.

1. Appeal—Supersedeas Bond—Practice—Record — Supplementary Record May Be Filed After Opinion Is Delivered.—When a judgment for the recovery of money has been superseded in the lower court and an order of supersedeas has issued, the supersedeas bond and order that was issued, if obtainable, should be made a part of the record on appeal, but if the supersedeas bond is not brought up with the record and is not a part of the record when the opinion is delivered affirming the judgment appealed from, a supplementary record containing the supersedeas bond and order of supersedeas, if one issued, may be filed in this court at any time before the mandate issues, and if so filed it will be treated as being a part of the record when the opinion was delivered and damages will go accordingly.

2. Appeal—Petition for a Re-hearing—Effect of—Mandate—Effect of. —Under section 760 of the Civil Code it is the duty of the clerk to issue the mandate as a matter of course within the time provided in that section, but if a petition for a rehearing is filed, it suspends the issual of the mandate until it is disposed of. The mandate is the judgment of this court, the opinion being merely an expression of the views of the court that are made effective by the mandate.

3. Appeal—Supersedeas—Order of—Presumption of Issual—Damages.—Damages will not be awarded on the affirmance of a judgment unless the supersedeas bond is in the record and an order of supersedeas has issued, but when the bond has been executed it will be presumed that an order of supersedeas issued unless it is affirmativly shown that it did not.

4. Overruled Cases.—The case of Mutual Fire Ins. Co. v. Hammond, 21 Ky. L. R., 204, is overruled.

SHELBY, NORTHCUTT & SHELBY and L. APPERSON for appellant.

O'REAR & WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL ON MOTION TO FILE SUPPLEMENTARY RECORD.

On October 15, 1914, the opinion in this case was handed down and may be found in 160 Ky., 296. On November 17, 1914, the appellant filed in this court a petition for a rehearing which was pending, undisposed of on November 25th.

On November 25th the appellee moved the court to permit her to file an amended record from the Clerk of the Montgomery Circuit Court showing that the·supersedeas bond and order of supersedeas issued thereon were omitted by mistake to be transcribed into the record, and tendered and offered to file, in connection with her motion, a copy of the supersedeas bond, duly attested by the Clerk of the Montgomery Circuit Court. The record accompanying this motion consisted of a copy of the supersedeas bond, certified as correct by the Clerk of the Montgomery Circuit Court, and his affidavit, in which he said that the appellant, Chesapeake & Ohio Railway Co., had executed in his office and before him the supersedeas bond, and thereafter an order of supersedeas was issued by him but that he was unable to find the order and return thereon because it had been mislaid. He further said that by oversight he failed to copy the supersedeas bond and transmit the same with the original record to this court.

Damages will not be awarded on the affirmance of a judgment unless the supersedeas bond is in the record and an order of supersedeas has issued, but when the bond has been executed, it will be presumed that an order of supersedeas issued unless it is affirmatively shown that it did not: Whitehead v. Boorom, 7 Bush, 399; United States Fidelity & Guaranty Co. v. Boyd, 29 Ky. L. R., 598.

The object, therefore, of tendering the supplementary record was to furnish the court authority upon which it might award damages on the judgment, which was affirmed. Counsel for appellant seriously protest against allowing the supplementary record to be filed upon the ground that unless the supersedeas bond is in the record when the case is decided, that is, when· the opinion .is handed down, the court is not authorized to award damages.

On the other hand, it is the argument on behalf of appellee that the court may permit a supplementary record, such as is here tendered, to be filed at any time before the judgment becomes final; or, in other words, before the mandate has been issued; and upon the filing of the supersedeas bond within this time damages should be awarded as if the bond were in the record when the opinion was delivered.

Section 760 of the Civil Code provides in part: "No mandate shall issue, nor decision become final, until

after thirty days, excluding Sundays, from the day on which the decision is rendered," and the judgments of this court never become final until the mandate is issued. The mandate from this court is the order that gives authoritative notice to the parties and the trial court that the judgment appealed from has been reversed or affirmed, as the case may be. In other words, the mandate is the judgment of this court, the opinion being merely an expression of the views of the court that are made effective by the mandate.

If no petition for a rehearing is filed, it is the duty of the Clerk, unless otherwise directed by the court, to issue the mandate as a matter of course when it is due, as provided in Section 760, but if a petition for a rehearing is filed, this suspends the issual of the mandate until it is disposed of. When a petition for a rehearing is filed, and pending its disposal, the court has the same power over the case as it would have within the thirty days if no petition for a rehearing was filed. So that if this supplementary record could have been filed at any time after the opinion was handed down, it might be filed at any time before the petition for a rehearing was disposed of, although this might permit its filing after the expiration of thirty days from the date when the decision was rendered.

The precise question, therefore, is, may this court at any time after the opinion in the case has been delivered and before the mandate issues permit a supplementary record containing the supersedeas bond, to be filed? This is purely a question of practice entirely within the power of this court to control, there being no code or statutory provision on the subject. Being thus a question of practice, it is important that it should be definitely settled, as there appears to be some doubt as to the proper practice owing to apparent, if not real, conflict in the opinions in which the matter has been treated in cases involving questions like the one here presented, as well as in cases involving analogous questions.

In the case of Phoenix Ins. Co. v. McKernan, et al, 104 Ky., 224, it appears that after the opinion had been handed down affirming the case, and before the mandate issued, the appellees moved this court to permit them to file certified copies of the supersedeas bonds executed in the circuit court, and, upon the filing of the bonds, to direct either the clerk of this court or the clerk of

the Logan Circuit Court to issue a supersedeas on the bonds and to award appellees 10% damages on the amount of the judgment. As no order of supersedeas was issued on these bonds, the execution of the bonds alone did not entitle the appellees to damages or prevent the appellees from enforcing the collection of the judgments by execution in the usual way, and this court merely declined to order a supersedeas issued so that damages might be collected on the bonds, saying: "This court cannot—now the judgment has been affirmed, and there is no legal obstacle in the way of collection or satisfaction of it—on appellee's own motion, order a supersedeas issued, merely that we may have a pretext for awarding damages." Obviously that case is not authority against the motion here made by the appellee, because in that case the enforcement of the judgment was not suspended. Here it was suspended, as an order of supersedeas issued.

In the case of M. V. Monarch Co. v. Farmers & Traders Bank, 106 Ky., 206, also relied on by counsel for appellant, it appears that the judgment was affirmed on January 26th, and an inspection of the record shows that the motion to file the supplementary record containing the supersedeas bond and order of supersedeas was not made until after the mandate had issued, and so the motion of appellee was denied. The essential difference between that case and this consists in the fact that there the offer to file the supplementary record and the motion to award damages were not made until after the mandate issued. Here the offer to file the supplementary record and the motion to award damages is made before the mandate has issued. So that case is not authority against the right to grant the motion made by appellee in this case.

In the case of Mutual Fire Ins. Co. v. Hammond, 21 Ky. L. R., 204, it appears, from an inspection of the record, that there was an offer made to file a supplementary record showing the execution of the supersedeas bond and the issual of an order of supersedeas and a motion made to award damages before the mandate issued, but the court denied the motion and said: "While there seems to have been no authoritative utterance to the same effect in this court, the unvarying practice here has been to refuse damages except where there is a supersedeas bond in the record when the case

was decided." So that this case is direct authority against the motion made by appellee in this case.

These three cases are the only ones we have been referred to by counsel or have been able to find in which a question relating to the filing of a supplementary record containing a supersedeas bond was considered by the court.

On the other hand, it has been the uniform practice of this court to permit supplementary records to be filed by the appellee after the opinion has been handed down and before the mandate issues, for the purpose of correcting errors or omissions in the record when it was considered by the court and the opinion delivered. Illustrative cases on this subject are: Wade v. First National Bank of Franklin, 11 Bush, 697; Bank of Kentucky v. Com., 32 Ky. L. R., 1087; Stewart v. Bluegrass Canning Co., 121 S. W., 609; Breathitt Coal, Iron & Lumber Co. v. Patrick, 144 Ky., 601; Louisville & Nashville R. R. v. Woodford, 157 Ky., 426; Leonard's Administrator v. Cowling, 121 Ky., 631; Wade v. Wade, 154 Ky., 24; Miller Creek Railroad Co. v. Barnett, 160 Ky., 845.

In this last mentioned case it appears that on June second the case was reversed for error in the instructions, but, with the petition for a rehearing, there was filed the certificate of the circuit clerk showing that the instructions copied in the record, and upon which the opinion was based, were not the instructions that were given to the jury. In the instructions actually given, and upon which the jury rendered their verdict, there was no error. Upon this showing, the rehearing was granted and the former opinion, reversing the case, withdrawn and the judgment affirmed.

Adopting the rule of practice announced in the Miller case and others as correct, we are unable to perceive any reason why the same rule should not be applied in this case. Here, by the oversight or omission of the circuit clerk, a portion of the record material to the protection of the rights of appellee was not copied in the record. Therefore, if the supplementary record is not allowed to be filed, the appellant has had the benefit accruing to it on account of the suspension of the right of appellee to enforce the judgment without the burden that should have followed the suspension of the judgment when it was affirmed. When the appellant, as defendant in the lower court, executed the supersedeas bond and

the order of supersedeas issued thereon, it voluntarily undertook to and did obstruct the collection of the judgment in the ordinary course and assumed an obligation to pay the damages allowed by law for this obstruction if the judgment was affirmed. If the clerk had copied, as he should have done, the supersedeas bond and order in the record, there could, of course, have been no objection raised by the appellant to the awarding of damages by the court following the affirmance.

Now, should the appellee be defeated in her right to these damages by the oversight or mistake of the clerk in failing to incorporate in the record the bond? We think not. When damages are awarded the appellee will get no more than she became entitled to by the execution of the bond and the issual of the order which prevented her from collecting the judgment, and the appellant will not suffer any loss that it did not voluntarily assume when it executed the bond. In short, the allowance of damages in this case will only be doing what the appellant, by its own act, agreed might be done, and what the appellee had a right to expect would be done.

We, therefore, hold that when the supersedeas bond is, by mistake or inadvertence or oversight, not copied in the record, but the bond and order of supersedeas, if one issued, is tendered in this court before the mandate has issued, it should be allowed to be filed and treated as if it were a part of the record when the opinion was delivered and damages on the affirmance should go accordingly. The case of Mutual Fire Ins. Co. v. Hammond, 21 Ky. L. R., 204, is overruled.

Wherefore, the whole court sitting, the motion to file the supplementary record is granted and damages awarded.