## W. J. Sparks Company v. Cummins' Administrator.

(Decided February 4, 1919.)

### Appeal from Rockcastle Circuit Court.

1. Appeal and Error—Dismissal of Appeal With Damages—Practice.—Where the appellant prays an appeal and executes a supersedeas bond in the lower court, but fails to file a transcript of the record in the clerk's office of this court within the time allowed by the Code, the appellee may thereafter bring here a copy of the judgment, supersedeas bond and order of supersedeas, and have the appeal dismissed with damages.

2. Appeal and Error—Supersedeas Bond—Presumption as to Issual of Supersedeas.—When a supersedeas bond has been executed

in the lower court it will be presumed that an order of super-
sedeas issued, unless it is affirmatively shown that it did not.

3. Appeal and Error—Damages on Supersedeas Bond.—When a
    bond is executed and a supersedeas issued the right to damages
    on the bond in behalf of appellee accrues at once upon its ex-
    ecution and the issual of the supesedeas, and satisfaction of
    the judgment at any time thereafter does not defeat right to
    damages on bond.

C. C. WILLIAMS and L. W. BETHERUM for appellant.

SAM C. HARDIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL ON
MOTION TO AWARD DAMAGES ON DISMISSAL OF APPEAL—
Sustaining.

At the May term, 1918, of the Rockcastle circuit
court, W. G. Cummins recovered a judgment against the
W. J. Sparks Company for one thousand dollars. A
motion for a new trial was overruled at the same term
of the court and the W. J. Sparks Company prayed an
appeal to this court which was granted.

On September 25, 1918, the W. J. Sparks Company
executed in the court below a supersedeas bond on which
we will presume, as there is no showing to the contrary,
a supersedeas was issued staying the collection of the
judgment pending the appeal. On this point it was said
in C. & O. Ry. Co. v. Kelly's Admr., 161 Ky. 660, that
"Damages will not be awarded on the affirmance of a
judgment unless the supersedeas bond is in the record
and an order of supersedeas has issued, but when the
bond has been executed, it will be presumed that an order
of supersedeas issued unless it is affirmatively shown that
it did not. Whitehead v. Boorom, 7 Bush, 399; United
States Fidelity & Guaranty Co. v. Boyd, 29 Ky. L. R.
598."

On January 17, 1919, W. G. Cummins' administrator,
as appellee, filed in this court, as he had the right to do,
a copy of the judgment and supersedeas bond and has
moved the court to dismiss with damages the appeal
granted by the lower court, upon the ground that the
transcript was not filed in the clerk's office of this court
within the time allowed by section 738 of the Civil Code.
Langhorn, Johnson & Co. v. Wiley, 120 Ky. 511.

It is admitted that the transcript of the record was not filed in this court by the appellant within the time allowed by the Code, but in response to the motion to dismiss the appeal with damages the W. J. Sparks Company shows by affidavits that on September 20, 1918, they paid to Cummins' administrator all the cost due by it in the Rockcastle circuit court and on September 24, 1918, paid to him the full amount of the judgment and interest. From these affidavits it would appear that the judgment was satisfied before the supersedeas bond was executed, but if this is so it is difficult to understand why the bond was executed, nor is any explanation of this curious fact offered.

On the other hand it appears from an affidavit filed for Cummins' administrator that the judgment was not satisfied on September 24th, or until September 30th— five days after the bond was executed. We do not, however, find it necessary to determine the question presented by deciding which of these irreconcilable affidavits should prevail. We will put both of them aside and look to other undisputed evidence in the record for a solution.

It appears as we have said that the supersedeas bond was executed on September 25th, and we also find that the attorney for Cummins' administrator, on September 30th, gave to W. J. Sparks Company a receipt acknowledging satisfaction of the judgment on that date. This receipt recites that: "Received of W. J. Sparks Company the sum of one thousand and twenty-one dollars ($1,021.00), being the amount of the principal and interest of a judgment rendered in the above styled action on the 18th day of May, 1918. In accepting this receipt it is hereby understood that the plaintiff does not waive or release any right or claim he may have, if any, upon the supersedeas bond and the supersedeas herein in the Court of Appeals, nor does he release any claim for cost against the defendant in this action. It is supposed that the cost has been paid to the clerk of this court. This receipt is executed in duplicate, a carbon copy being retained by plaintiff's attorney. This September 30th, 1918."

From this it will be seen that the judgment was not in fact paid by W. J. Sparks Company until five days after the supersedeas bond had been executed. Under

these circumstances we think Cummins' administrator entitled to damages on the bond.

When a bond is executed and a supersedeas issued it prevents the judgment plaintiff from collecting his judgment and the right to damages on the bond accrues at once upon the execution of the bond and the issual of the supersedeas. It is not material how short or how long the obstruction may last, nor does the payment of the judgment at any time after the execution of the bond and the issual of the supersedeas defeat the right to damages unless it is so agreed. If the rule were otherwise the judgment defendant and appellant could execute the bond and keep the judgment plaintiff from collecting the judgment until he got ready to pay it without suffering any liability on the bond.

Aside from this an appellant can satisfy the judgment and still prosecute his appeal, and so if the contention of counsel for W. J. Sparks Company should obtain the appellant could execute a supersedeas bond and thereby stop the collection of the judgment until he got ready to satisfy it and then prosecute his appeal without incurring any liability for damages on the bond.

Wherefore the motion to dismiss the appeal with damages is sustained.