Argued and submitted June 24, 1980,
remanded to Court of Appeals January 20, 1981

In the Matter of the Compensation
of Ralph Castro, Claimant.

CASTRO,
*Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Petitioner.*

(WCB 78-3909, CA 14530, SC 26889)

614 P2d 564

Darrell E. Bewley, Associate Counsel, Salem, argued the cause for petitioner. With him on the briefs were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Salem.

Merrill Schneider, Portland, argued the cause and filed the brief for respondent.

Ridgway K. Foley, of Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, filed the brief amicus curiae on behalf of The Oregon Self-Insurer's Association.

Steven C. Yates, Evohl F. Malagon, and Malagon & Yates, Eugene, filed the brief amicus curiae on behalf of the Oregon Trial Lawyers Association.

Before Denecke, Chief Justice, and Howell,** Lent, Linde, Peterson and Tanzer, Justices.

DENECKE, C. J.

**Howell, J., retired November 30, 1980.

## DENECKE, C. J.

This is one of five cases in which a claim for Workers' Compensation benefits is made because of a mental condition allegedly arising out of claimant's employment. 44 Or App 296, 605 P2d 1389 (1980).

The plaintiff is a 32-year-old male who was employed as a vocational rehabilitation counselor for the State of Oregon. He contends that because of "unfair" treatment by his supervisor he suffered stress and was unable to work. He left work in October 1978 and was still unable to work at the time of the hearing, December 1978. There was medical evidence that he had suffered "anxiety reaction" "stemming entirely from his work situation and yet as essentially being an 'over-reaction' based upon a predisposing personality pattern."

The referee approved SAIF's denial of the claim, finding, among other things, "there is nothing wrong in the form of an emotional problem. * * * [T]here isn't even persuasive evidence of any emotional disorder." The Workers' Compensation Board found likewise and also found "Neither is there any clear-cut evidence that claimant was actually harassed by his supervisors."

The Court of Appeals in a Per Curiam opinion, citing *James v. SAIF,* 44 Or App 405, 605 P2d 1368 (1980), "reversed and remanded." In order to reverse, the Court of Appeals as a trier of fact must necessarily have found contrary to the referee and Board, that the claimant did suffer some form of mental illness and the claimant's supervisor did harass claimant. The Court of Appeals did not make an express finding whether claimant's mental condition was caused by circumstances, "to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment." The Court of Appeals' citation of *James v. SAIF, supra,* indicates it did not make such an implied finding.

The cause is remanded to the Court of Appeals to proceed in accordance with our opinion in *James v. SAIF,* 290 Or 343, 624 P2d 565 (1980).