In the Matter of the Compensation of
Ralph Castro, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner,*

*v.*

## CASTRO,
*Respondent.*

(WCB No. 80-02536, CA A23020)

652 P2d 1286

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for petitioner.

Peter O. Hansen, Portland, argued the cause for respondent. On the brief was Rick W. Roll, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The State Accident Insurance Fund (SAIF) appeals a decision of the Workers' Compensation Board that affirmed a referee's decision ordering SAIF to commence payment of compensation awarded by this court before our mandate issued.

A recitation of the procedural history of the claim is appropriate. SAIF denied the claim, contending that claimant had not suffered a compensable injury. Claimant requested a hearing. A referee agreed that the claim was not compensable. The Board affirmed. Claimant appealed to this court. We issued our opinion reversing the Board. 44 Or App 296, 605 P2d 1389 (1980). SAIF petitioned for Supreme Court review. We advised the parties that we would not issue our mandate until the Supreme Court completed its review. The Supreme Court accepted the case for review and thereafter remanded it to this court. 290 Or 353, 624 P2d 564 (1981). We then remanded the case to the Board with instructions to reconsider its order in light of the Supreme Court's opinion. 51 Or App 2, 624 P2d 642 (1981). On that remand, the Board held that claimant had not suffered a compensable occupational disease.

Following our original opinion, and while the Supreme Court had the case under review, claimant requested a hearing, contending that as a result of our original opinion SAIF was obliged to begin paying compensation. SAIF objected to any hearing, contending that the referee lacked jurisdiction until our mandate issued. The referee overruled SAIF's objection and ordered SAIF to begin paying compensation. The Board affirmed. SAIF has appealed.

■ The first question is: When does our decision on judicial review become effective so that a decision holding that claimant is entitled to compensation must be complied with by the carrier? No Oregon decision has considered this issue. The general rule is that the date of the *mandate,* not the date of issuance of the decision, is the effective date of an appellate court's decision, that the *mandate* is the order and that the court's opinion merely gives the reason supporting the order. *See Wolfe Investments v. Shroyer,* 249 Or 23, 436 P2d 554 (1968).

■ ■ In *In Re Brown,* 6 Wash 2d 215, 235-37, 101 P2d 1003, 107 P2d 1104 (1940), the court said:

" "* * * The opinion, on the other hand, is the property of the judges, and subject to their revision, correction and modification in any particular deemed advisable until, with the approbation of the writer, it is transcribed in the records, after which it ceases to be the subject of change. It then becomes like a judgment record, and is beyond the interference of the judges, except through regular proceedings before the court by petition.'

"* * * The filing of an opinion of this court is merely one step in the orderly process of the court leading up to the court's judgment. The opinion or decision may or may not result in a judgment of this court in accordance therewith. The cause is still pending at large before this court until the entry of a judgment, and a judgment other than that provided for in the Departmental opinion as filed may well be, and often has been, entered."

In *C. & O. R. Co. v. Kelly's Admx.,* 161 Ky 660, 662, 171 SW 182 (1914), the court said:

"* * * [A]nd the judgments of this court never become final until the mandate is issued. The mandate from this court is the order that gives authoritative notice to the parties and the trial court that the judgment appealed from has been reversed or affirmed, as the case may be. In other words, the mandate is the judgment of this court, the opinion being merely an expression of the views of the court that are made effective by the mandate."

*See also Begley v. Vogler,* 612 SW2d 339, 341 (Ky 1981); *Dalton v. Johnson,* 341 SW2d 596, 597 (Mo 1960).

Claimant contends that refusal to give effect to our decision as of the date of the opinion violates ORS 656.313, which provides in pertinent part:

"(1)  Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant."

He argues that the statute applies directly to a petition for Supreme Court review of a Court of Appeals decision that reverses the Board's decision and awards a claimant greater compensation. We find no authority for this conclusion in the Workers' Compensation Act. Although specific provisions exist for appeals to the Board and to this court, *see*

ORS 656.295 and 656.298, the Act does not expressly provide for review by the Supreme Court. We conclude that the "request for [Board] review or court appeal" referred to in ORS 656.313 applies to the Board and Court of Appeals review expressly authorized in the Act. Further militating against claimant's argument is the fact that no mandate issues from the Court of Appeals on a case pending for review by the Supreme Court until the Supreme Court finally has acted on the case and the time for petition for rehearing in that court has expired. If no mandate has issued, no enforceable order to pay compensation exists.[1]

■ ■   A claimant may not enforce the result reached in an opinion until a mandate has issued. Lower tribunals have no power to act on a decision of an appellate court until the mandate is received, or at least until it is issued; action taken by a lower court before the receipt or issuance of a mandate is void.

■   Because no mandate had been issued by this court when claimant brought this case to hearing, the referee had no power to order SAIF to pay compensation. SAIF's motion to dismiss should have been allowed.

Reversed.

---

[1] This analysis is limited to the fact situation here — where we reverse the Board and decide that claimant is entitled to compensation or to increased compensation. If the Board had ordered new or increased compensation, appeal to the Supreme Court from our decision affirming the Board would not stay payment because the Board's order, although not final, is effective and enforceable upon filing. ORS 656.313.

When this case arose a mandate was used to make an appellate decision effective. The present practice is provided in ORS 19.190, as amended in 1981, and ORAP 11.03.