Belknap
No. 2004-110

THE STATE OF NEW HAMPSHIRE

v.

STEVEN GUBITOSI

Opinion Issued: December 30, 2005

MEMORANDUM OPINION

DUGGAN, J. The defendant, Steven Gubitosi, filed an emergency motion to void a *capias* issued by the Superior Court (*Smukler*, J.). We issued several orders, and write this opinion to explain them.

On October 28, 2005, we released an opinion affirming the defendant's conviction for one count of stalking. *See* RSA 633:3-a, I(a) (Supp. 2005).

That same day, the superior court *sua sponte* issued the following order: "The supreme court this day having affirmed the defendant's conviction, bail pending appeal is no longer appropriate. Accordingly, a *capias* is to issue. The defendant is to be apprehended and transported to the Belknap County House of Corrections to commence his sentence."

On October 31, 2005, the defendant filed a Motion to Stay Writ of Capias in the superior court. He alleged that he was out of New Hampshire on business and was scheduled to return on November 7, 2005. He argued that the supreme court retains jurisdiction over his case until a mandate is issued pursuant to Supreme Court Rule 24. That same day, the superior court denied the motion.

On November 2, 2005, the defendant filed an Emergency Motion to Void Capias in this court. That same day, a single justice of this court (*Duggan*, J.) issued an order, without opinion, staying the October 28, 2005 order of the superior court, pending further order of this court. The single justice also ordered the State to file a response to the defendant's motion. The State filed its objection to the defendant's motion on November 4, 2005.

The defendant subsequently filed a motion for reconsideration of our decision affirming his conviction. On December 7, 2005, we issued an order, without opinion, denying the defendant's motion for reconsideration and vacating the November 2, 2005 stay. The mandate was also issued on December 7, 2005. *See* SUP. CT. R. 24(1). We now issue this opinion to clarify the authority of the superior court to revoke a defendant's bail during the pendency of an appeal and after the issuance of an opinion affirming the defendant's conviction.

We begin by examining the statutes relevant to revocation of bail to determine whether the superior court has authority to revoke a defendant's bail during the pendency of an appeal. In cases involving statutory construction, "the starting point is the language of the statute. We construe each statute as a whole, and if the statute's language is clear and unambiguous, we do not look beyond the statute to discern legislative intent." *Pennichuck Corp. v. City of Nashua*, 152 N.H. 729, 735 (2005) (quotation and citation omitted).

The procedure for revocation of bail is set forth in RSA 597:7-a (Supp. 2005), which provides, in pertinent part:

> II. A person who has been released pursuant to the provisions of this chapter and who has violated a condition of his release is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.
>
> III. The state may initiate a proceeding for revocation of an order of release by filing a motion with the court which ordered the

release and the order of which is alleged to have been violated. The court may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before the court for a proceeding in accordance with this section.

The plain language of RSA 597:7-a applies its procedures for bail revocation to "[a] person who has been released pursuant to the provisions of [chapter 597]." RSA 597:7-a, II. RSA chapter 597 (2001 & Supp. 2005) authorizes the release of criminal defendants on bail pending appeal. RSA 597:1-a (2001). Thus, the bail revocation procedures of RSA 597:7-a apply to such defendants. *See* RSA 597:7-a, II, III.

▮▮▮ With respect to defendants who have been released pending appeal, we agree with the State that the pendency of the appeal does not divest the superior court of jurisdiction to modify or revoke conditions of release pursuant to RSA 597:7-a. "As a general rule the perfection of an appeal divests the Trial Court of jurisdiction of the cause and transfers it to the appellate court." *Rautenberg v. Munnis*, 107 N.H. 446, 447 (1966). However, "the general rule ... does not prohibit the Trial Court from passing on collateral, subsidiary or independent matters affecting the case." *Id.* at 448. Bail pending appeal is an independent matter and thus falls within this exception to the general rule.

In this case, however, the superior court's decision ordering the arrest of the defendant did not rely upon RSA 597:7-a. Indeed, because RSA 597:7-a applies only when "[a] person ... has violated a condition of release," RSA 597:7-a, II, the superior court was not authorized to act under that statute. Nor did the superior court find, for example, that the fact that the defendant had lost his appeal, coupled with other facts and circumstances, supported a finding that the defendant was likely to flee, thus justifying a modification or revocation of the conditions of his release. *See* RSA 597:1-a. Instead, the superior court here determined that bail pending appeal was no longer appropriate merely because the defendant's conviction had been affirmed.

When this court issues an opinion affirming a criminal conviction, the defendant has ten days from the date of the opinion to file a motion for reconsideration. SUP. CT. R. 22(2). If a motion for reconsideration is filed, and subsequently denied, the clerk of the supreme court will forward to the clerk of the superior court a "mandate" within seven days of the order denying the motion. SUP. CT. R. 24(1). However, even if no motion for reconsideration is filed, the supreme court clerk will not forward the mandate to the superior court clerk until after the time for filing a motion for reconsideration has expired, *see id.*, unless this court orders otherwise.

Although the supreme court may direct that a "formal mandate" be issued, the mandate will usually consist of a certified copy of the court's opinion or final order. *See* SUP. CT. R. 24(2).

The mandate is the order that gives authoritative notice to the trial court that the judgment appealed from has been reversed or affirmed, as the case may be. *Chesapeake & O. Ry. Co. v. Kelly's Adm'x*, 171 S.W. 182, 183 (Ky. 1914). "The general rule is that the date of the *mandate*, not the date of the issuance of the decision, is the effective date of an appellate court's decision, that the *mandate* is the order and that the court's opinion merely gives the reason supporting the order." *Matter of Compensation of Castro*, 652 P.2d 1286, 1287 (Or. App. 1982); *accord* SUP. CT. R. 24(3) (providing that a mandate is effective when issued).

█ In this case, the effective date of our decision was the date the mandate was issued, which in this case was immediately *after* the defendant's motion for reconsideration was denied. For this reason, we stayed the superior court's initial order issuing the *capias*, as the time for filing a motion for reconsideration had not yet expired and no mandate had yet issued. It was not until we denied the defendant's motion for reconsideration, and the supreme court clerk issued the mandate, that the superior court was authorized to take appropriate action with regard to the conditions of release based solely upon the fact that the defendant's conviction had been affirmed.

BRODERICK, C.J., and NADEAU, DALIANIS and GALWAY, JJ., concurred.

*Kelly A. Ayotte*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the objection to defendant's motion to void capias), for the State; *Law Office of Joshua Gordon*, of Concord (*Joshua L. Gordon* on the emergency motion to void capias), for the defendant.