CASE 65—PETITION EQUITY—MARCH 14.

# Estill County v. Richmond, &c., Railroad Company.

APPEAL FROM ESTILL COURT OF COMMON PLEAS.

SUIT BY COUNTY—REFUSAL OF COUNTY JUDGE TO VERIFY PETITION.— When a suit is brought by a county in opposition to the wishes of the county judge and he refuses for that reason to verify the petition, the county attorney should be allowed to verify, and upon his refusal to do so some person authorized to order the action to be instituted should be permitted to verify the petition.

GRANT E. LILLY, W. H. LILLY, J. B. WHITE, ROBERT FLUTY, THOMAS TURNER, C. CYRUS TURNER FOR APPELLANT.

Upon the refusal of the county judge to verify the petition, the justices should have been permitted to do so. The justices having the power to direct the suit to be brought have the power to do every thing necessary and incident to the enjoyment of that power. (County of Hardin v. McFarland, 82 Ill., 139; Commissioners v. Noyes, 35 Ohio St., 207; Gregory v. McFarland, 1 Duv., 62; Bliss on Code Pleading. sec. 138; Bailey v. Commonwealth, 11 Bush, 689; 10 Bush, 711; 8 Bush, 214; 17 B. M., 344.)

Section 117 of the Code is only directory. (Corbett v. Bradley, 7 Nev., 108; McCune v. Weller, 11 Cal., 54; Wendell v. Durbin, 26 Wis., 392; Smith's Comm. on Statutory and Const. Construction, p. 792, sec. 679; Hart v. Plum, 14 Cal., 155; Fox v. Brissac, 15 Cal., 223; People v. Allen, 6 Wend., 486; People v. Peck, 11 Wend., 604.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, by order of its justices sitting as a

court, instituted this action against the appellee, to enjoin the delivery of some bonds to the appellee, claimed to have been wrongfully and illegally issued by the agents of the county to the appellee.

The appellant was required to verify its petition, and the county judge refusing to verify the same, it was dismissed for want of verification; thereupon the appellant offered an amended petition, verified by some of the justices, who concurred in bringing the suit, stating that the county judge opposed the bringing of the suit, and refused to verify the same for that reason, and asked that they be allowed to verify the same in his stead. The court would not allow the amendment to be filed, and the action was dismissed, and the county has appealed.

Subsection 2 of section 117 of the Civil Code provides: "That the petition of a county must be verified by its chief officer residing in the county, or, if there is no such officer residing in the county, it may be verified by its attorney."

The chief officer referred to is the county judge, who must verify the petition if there be such judge residing in the county; if not, then the county attorney may verify the same. These persons are designated as the proper persons, the one in the absence of the other, to verify the petition, evidently because of the fact of their being more immediately connected with the management of the business of the county, and, consequently, should verify its pleading. But the county judge, opposed to the proposed action by the county, which it has the right to institute independently of his wishes, and which it does authoritatively order

instituted, undertakes to defeat its action by refusing to verify its petition.    If this should be allowed, justice would be at the mercy of the county judge, who is only the designated agent of the county for the purpose of the verification, and it would fail whenever he set himself up in opposition to the authority of the county in the matter of bringing an action for the redress of grievances.    To avoid this unfortunate condition, the county attorney should have the right to verify it, and, if he should refuse, some person authorized to order the action instituted should be permitted to verify the petition.    This, of necessity, ought to be so, to prevent a failure of justice.

The case is reversed, with directions, the county judge still refusing to verify the petition, to allow the county attorney to verify the same, and, upon his refusal, to allow the said justice or justices to verify it.