CASE 65—ACTION BY THE ADMINISTRATOR OF ISAAC THOMAS AGAINST THE MAYSVILLE GAS CO. TO RECOVER DAMAGES FOR THE DEATH OF PLAINTIFF'S INTESTATE—JAN. 30.

# Thomas' Admr. v. Maysville Gas Co.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

ACTION FOR CAUSING DEATH—DEATH OF ADMINISTRATOR AND BENEFICIARY PENDING ACTION—REVIVAL.

Held    An action by a father, as administrator, under Kentucky Statutes section 6, to recover damages for the death of his child, did not abate upon the death of the father, but the action should have been revived in the name of his successor as administrator; the recovery, after the payment of funeral expenses, costs of administration, and costs of recovery, being for the benefit of the father's estate, plaintiff's intestate having left no widow, child, or mother.

THOMAS R. PHISTER AND A. E. COLE & SON, ATTORNEYS FOR APPELLANT.

This case was before this court on a former appeal which was reversed.    The opinion reported in 108 Ky., 225 (21 Ky. Law Rep., 1690.)    A short time before said opinion was rendered, James H. Thomas, the father and personal representative of Isaac Thomas, deceased, died.

The mandate and opinion of the court having been filed in the clerk's office of the Mason circuit court and notice thereof accepted by the president of the appellee company, at the January term, 1901, of said court the death of said James Thomas was suggested and on motion of S. P. Perrine as administrator *de*

Thomas' Admr. v. Maysville Gas Co.

*bonis non* of Isaac Thomas, deceased, an order of revivor was duly entered. This order having been served ten days before the June term, 1901 of the Mason circuit court, appellant moved the court for an order adjudging the case to stand revived in his name as administrator. This motion was opposed by appellee on the ground as contended by counsel, that the action could not be revived, because it did not and could not survive, but ended with the death of James Thomas the father of deceased as he was the one to whom the damages would go after they were recovered and collected. The court being of this opinion overruled the motion to revive and entered an order abating the action, to which order and judgment appellant objected and excepted and now prosecutes this appeal.

We submit that the beneficiaries under sec. 6, Kentucky Statutes, are clearly those to whom the recovery, when had, shall go. A portion of the recovery is by the statute set aside for the payment of debts, attorney's fees, and costs, etc., and the rest of the recovery will descend to the heirs-at-law of decedent and they constitute the beneficiaries, so that it can not be fairly said that the action must abate for the want of beneficiaries, and we submit that under sec. 241 of the Constitution, the right of action in this case is rested solely in the personal representative of the decedent and that right can not be taken away by any statute of the Legislature providing for a distribution of the proceeds.

### AUTHORITIES CITED.

Death by wrongful act—Abatement of action. Sec. 241, Constitution; Kentucky Statutes, 4-5-6- 3844; McClure v. Alexander, 15 R., 732; L. & N. R. R. Co. v. Kelly's Admr., 19 R., 71; C. & O. Ry. Co. v. Lang's Admr., 19 R., 66; Givens v. K. C. Ry. Co., 89 Ky., 234; O. & N. Ry. Co., v. Barclay's Admr., (102 Ky., 26) 19 R., 1001; Donahue v. Drexter, 82 Ky., 157; Morehead's Admr. v. Bittner, 20 R., 1989; Ency., Pl. and Pr., vol. 5, p. 890; vol. 21, p. 345; Mundt v. Glokner, 24 App. Div., 110, 48 N. Y., Supp., 940; Kentucky Statutes, sec. 10; Wright v. Wood's Admr., 96 Ky., 61; E. Tenn. Tel. Co. v. Simm's Admr., 99 Ky., 408; Passamack's Admr. v. Louisville Ry. Co., 98 Ky., 201; McCafferty v. Pa. R. R. Co., 193 Pa. St., 339.

E. L. WORTHINGTON, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. The right of action given by sec. 241 of the Constitution is not one that survives to the personal representative from the

Thomas' Admr. v. Maysville Gas Co.

person killed, but is a right created anew in the representative. Brown v. Electric Ry. Co., 70 Am. St. Rep., 684 and notes; Hulbert v. Topeka, 34 Fed. R., 510; Seward v. Vera Cruz, L. R., 10 App., Cas:, 59; Blake v. Midland Ry. Co., 18; Q. B., 93.

2. Personal representative does not take the right of action for the benefit of the estate he represents, but is simply the person designated by statute to sue for certain designated beneficiaries. Wolf v. Erie R. Co., 55 Ohio St., 517; Perham v. Portland Electric Co., 72 Am. St. Rep., 730; 1 Jaggard on Torts, 334.

3. The existence of a statutory beneficiary is essential to such right of action. Tiffany on Death by Wrongful Act, sec. 80; Jordan v. Cincinnati Ry. Co., 89 Ky., 40; L. & N. R. R. Co. v. Coniff, 90 Ky., 560; Newport News, etc., Co v. Dentzel, 91 Ky., 47; Cincinnati R. Co. v. Privitt, 92 Ky., 224.

4. The statutory beneficiary must be in existence when the action is brought. Tiffany on Death by Wrongful Act, sec. 80; 1 Jaggard on Torts, 834; Westcott v. Central Vt. R. R. Co., 61 Vt., 438; Hackett v. L. & N. R. R. Co., 95 Ky., 236; McDonald v. McDonald, 96 Ky., 212.

5. The existence of a statutory beneficiary is essential to the right of action not only at the time suit is brought on it, but it continues essential during the pendency of the suit. Woodward v. Chicago R. Co., 23 Wis., 400; Tiffany on Death by Wrongful Act, sec. 87; Bean v. L. & N. R. R. Co., 29 S. W. Rep., 370; Sanders v. L & N. R. R. Co., C. C. A., decided Nov. 6, 1901.

6. Our survivor statute, sec. 10 Kentucky Statutes, applies alone to such causes of action as existed at the time of its enactment. Louisville R. Co. v. Case, 9 Bush, 728; Louisville & Portland Canal Co. v. Murphy, 9 Bush, 522; Hansford v. Payne, 11 Bush, 380.

7. The words "any injury" in the second clause of sec. 10 embraces no injuries except those which the first clause says shall not cease or die with the person injured. Kennedy v. McAfee, 1 Littell, 169.

8. The case of Matter of Meekin, 164 N. Y., 145 is based on provisions of N. Y. Statutes which are not in our Kentucky death and survivor statutes. But if the doctrine of that case be applicable here, then this action could not be revived in the name of the appellant the administrator *de bonis non* of Isaac Thomas, but only in the name of James Thomas' administrator.

W. H. WADSWORTH, FOR APPELLEE.

### CLASSIFICATION OF AUTHORITIES.

1. No right to revive the action because of the common law action for pain and suffering. That was out of the case. Thomas' Admr. v. Maysville Gas Co., 108 Ky., 225 (21 R., 1690) (56 S. W., 153.)

2. Did this action abate by the death of the personal representative and sole beneficiary, James H. Thomas? Sec. 6, Kentucky Statutes; Sec. 10, Kentucky Statutes; Smith v. Metropolitan Ry. Co., 35 New York Sup., 1062; Wooden v. Ry. Co., 126 N. Y., 15 ; 26 N. E., 1050; New York Code Civil Procedure, sec 1092-1093; Hegerich v. Keddie, 99 N. Y., 258; 1 N. E., 787; State, &c., v. B. & O. Ry. Co., 17 Atl. Rep., 88; Donahue v. Drexler, 82 Ky., 160, 161; L. & N. v. Case's Admr., 9 Bush, 728; Hansford's Admx. v. Payne, &c., 11 Bush, 484; Newport News, &c Co. v. Dentzel's Admr., 91 Ky., 47; Bean v. L. & N. R. R. Co., 29 S. W., 370; Tiffany on Death from Wrongful Act, sec. 87; Woodward v. R. R. Co., 23 Wis., 400; Schmidt v. Men. &c., 99 Wis., 300; Frazier v. Georgia, &c., R. Co., 22 S. E., 936; Penn. Co. v. Davis 29 N. E. 425.

3. This action could not be revived in the name of the administrator *de bonis non* of Isaac Thomas. Meekin v. Brooklyn, &c., R. Co., 164 N. Y., 145.

### AUTHORITIES CITED.

Thomas' Admr. v. Maysville Gas Co., 56 S. W., 153; Maysville Street R. & Transfer Co. v. Thomas' Admr., 60 S. W., 1129; Thomas' Admr. v. Maysville Gas Co., supra, 154; Thomas' Admr. v. Maysville Gas Co., supra 153; Smith v. Metropolitan St. Ry. Co., 35 N. Y. Sup., 1062; Wooden v. Western New York R. R. Co., 126 N. Y., 15; 26 N. E., 1050; New York Civil Code Procedure, sec. 1902; New York Civil Code Procedure, 1903; Hegerich v. Keddie, 99 N. Y., 258; 1 N. E., 787, 792-3; Wooden v. Western New York, &c., R. R. Co., supra, 1050; State, &c., v. B. & O. R. R. Co., 17 Atl. Rep., 88 Donahue v. Drexler, 82 Ky., pp. 160, 161; Louisville, &c., R. R. Co. v. Case's Admr., 9 Bush, 728; Hansford's Admx. v. Payne, &c., 9 Bush, 384; Newport News, &c., Co. v. Dentzel's Admr., 91 Ky., 47; Bean v. L. & N. R. R. Co., 29 S. W., 370; Tiffany on Death from Wrongful Act, sec. 87; Woodward v. Chicago & N. W. R. R. Co., 23 Wis., 400; Schmidt v. Menasha Woodenware Co., 99 Wis., 300; Frazier v. Georgia, &c., R. R. Co., 22 S. E., 936; Pennsylvania Co. v. Davis, 29 N. E., 425; Meekin, Admx. v. Brooklyn Heights R. R. Co., 164 N. Y., 145, and American Negligence Reports, vol. 8, p. 490.

Thomas' Admr. v. Maysville Gas Co.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

On the former appeal of this case (see Thomas' Adm'r v. Gas Co., 108 Ky., 225 (21 R., 1690) (56 S. W., 153) the judgment of the circuit court, dismissing the action on a peremptory instruction of the court to the jury to find for the defendant, was reversed, and the cause remanded for further proceedings. When the case was returned to the circuit court, James Thomas, the administrator of Isaac Thomas, was dead; and S. P. Perrine, who had been appointed administrator *de bonis non* of the estate, moved the court to revive the action in his name. This motion was overruled, the court holding that the action, after the death of James Thomas, could not be revived. The ground of this ruling was that James Thomas was the father of the decedent, Isaac Thomas, who left no children, and that as, under the statute, the whole recovery was for the benefit of the father, the action abated upon his death. The propriety of this ruling involves the construction of section 241 of the Constitution, and section 6 of the Kentucky Statutes, enacted pursuant to it: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the estate of the deceased person." Constitution, section 241. "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case, damages may be recovered for such death from

the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same, and when the act is willful or the negligence is gross, punitive damages may be recovered, and the action to recover such damages shall be prosecuted by the personal representative of the deceased. The amount recovered, less funeral expenses and the cost of administration, and such costs about the recovery, including attorney fees, as are not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order, viz.: (1) If the deceased leaves a widow or husband, and no children or their descendants, then the whole to such widow or husband. (2) If the deceased leaves either a widow and children or a husband and children, then one-half to such widow or husband and the other one-half to the children of the deceased. (3) If the deceased leaves a child or children, but no widow or husband, then the whole to such child or children. If the deceased leaves no widow, husband or child, then such recovery shall pass to the mother and father of deceased, one moiety each, if both be living; if the mother be dead and the father be living, the whole thereof shall pass to the father; and if the father be dead and the mother living, the whole thereof shall go to the mother; and if both father and mother be dead, then the whole of the recovery shall become a part of the personal estate of the deceased; and after the payment of his debts, the remainder, if any, shall pass to his kindred more remote than those above named, as is directed by the general law on descent and distribution." Kentucky Statutes, section 6. Section 3844, Kentucky Statutes, is as follows: "When any personal representative shall commence an action, or shall be sued, and shall die, be removed or superseded by another

before the termination of the action, his successor may, by order of court, be substituted in the place or stead of the original plaintiff or defendant."

Previous to the adoption of the present Constitution, where death resulted from willful neglect no recovery could be had, under the statute, unless the decedent left wife or child; and there could be no recovery for ordinary negligence, under the other section of the statute, for the death of persons in the employ of the company. To change this, and make a harmonious rule governing the whole subject, the above section of the Constitution, and the statute pursuant to it, were enacted. The plain purpose of these provisions was to allow a recovery in all cases by the personal representative. The amount recovered goes first to pay funeral expenses, cost of administration, and expenses incidental to the recovery, then to certain kindred; and, if none, it then passes, after the payment of debts, under the general law on descent and distribution. The purpose of this was to provide for a recovery in all contingencies where death had resulted from negligence or wrongful act, without regard to the kin of the intestate who survived him. The beneficiaries are not proper parties to the action. It, under the statute, is to be brought by the personal representative. If James Thomas had not qualified as the administrator of Isaac Thomas, and appellant, Perrine, had qualified in the first place as such administrator, then the death of James Thomas would have had no effect upon the action. The administrator, notwithstanding his death, might have prosecuted the action to a recovery, and, after paying the preferred claims, would have held the balance of the fund for the estate of James Thomas. James Thomas being *in esse* when his son died, his right attached, and, having attached, descended at his death, with his other per-

sonal property. His right is against the administrator, who, under the statute, is authorized to prosecute the suit just as upon other choses in action or claim. The fact that the defendant to the action succeeded in defeating a recovery until one or more of the beneficiaries died had no effect upon its liability to the administrator. The law regards that as done which ought to have been done; and, if it is finally held liable, those persons who would have gotten the fund if the claim had been paid off when the right attached are not affected by the fact that they did not survive the final result of the litigation. We are referred by the learned counsel to a number of decisions in other States, under statutory provisions not similar to ours, which uphold the judgment of the circuit court; but we are of opinion that the legislative intent under our statute is too clear to be disregarded.

Judgment reversed, and cause remanded, with directions to sustain the motion for a revival, and for further proceedings consistent with the opinion.