## Robertson v. Robertson's Administrator.

(Decided March 23, 1917.)

## Appeal from McCracken Circuit Court.

1. Executors and Administrators—Revival of Action.—Where a personal representative instituted an action and died before trial, the action should have been revived in the name of his successor; it was error to revive the action in the name of the executor of the personal representative.

2. Evidence—Writing—Evidence of Genuineness.—Where a writing purporting to have been made by a party is referred to in, and filed with, a pleading of his adversary, it may be read as genuine against him unless he denies its genuineness by affidavit before the trial is begun; and, unless it be so controverted, it is error for the trial court to admit evidence controverting the genuineness of the writing.

3. Evidence—Evidence at Former Trial—Statute.—Under section 4643 of the Kentucky Statutes, the testimony of any witness taken by the court reporter upon the trial may be used in any subsequent trial of the same case where the testimony of the witness cannot be procured, and that fact is made to appear satisfactorily to the court by the affidavit of the party desiring to use the same, or his attorney; but, where the death of the witness is already shown by the record, it is not necessary to file the statutory affidavit or statement.

MOCQUOT & CAMPBELL for appellant.

JOHN K. HENDRICK for appellee.

Opinion of the Court by Judge Miller—Reversing.

At the time A. M. Robinson died, on January 25, 1915, he had in his possession three notes against his son, the appellant, Charles L. Robertson, calling for $7,849.85.

To an action brought against him by Mrs. A. M. Robertson as executrix of her husband, G. W. Robertson, on September 27, 1915, Charles L. Robertson interposed a plea of payment; and, as evidence thereof he relied upon a writing purporting to have been signed by G. W. Robertson on December 23, 1914, which recited that the notes in question had been satisfied. A copy of the paper of December 23, 1914, was filed with the answer as a part thereof.

The plaintiff replied, but without verification, that the receipt was a forgery. Upon that issue the case was twice tried by a jury, the first trial held on November 19, 1915, resulting in a verdict and judgment for the plaintiff upon the second and third notes aggregating $4,932.25. A new trial was granted, however, because of newly discovered evidence.

Mrs. A. M. Robertson having died, the action was, on February 12, 1915, upon the motion of the attorney for the plaintiff revived "in the name of the Mechanics Trust & Savings Bank, administrator with the will annexed of Mrs. A. M. Robertson." When the case was called for the second trial, on February 15, 1916, an order was entered, without objection, reciting that "the defendant filed the original receipt and the same was made a part of his answer herein." The second trial likewise resulted in a verdict and judgment for the plaintiff upon the second and third notes. The defendant appeals.

1. First, it is insisted that the action was improperly revived in the name of Mrs. A. M. Robertson's administrator instead of in the name of the administrator of G. W. Robertson with the will annexed. The judgment went in the name of the plaintiff, and the plaintiff at that time was the Mechanics Trust & Savings Bank as administrator of the estate of Mrs. A. M. Robertson.

We think there can be no doubt that the trial court erred in these respects, since Mrs. A. M. Robertson's administrator had no right or interest in this action, and was, therefore, improperly substituted as plaintiff.

Section 3844 of the Kentucky Statutes read as follows:

"When any personal representative shall commence an action, or shall be sued, and shall die, be removed or superseded by another before the termination of the action, his successor may, by order of court, be substituted in the place or stead of the original plaintiff or defendant."

Section 500 of the Civil Code of Practice further provides:

"Upon the death of a party to an action, or the cessation of his power as a personal representative or other fiduciary. . . . .

"3. If the right of action survive or pass to or against a person who is not a party to the action; or pass, otherwise than by survivorship, to or against a person who is a party to the action, the action may be revived, by an order of the court, for or against such person."

Section 501 of the code further provides that the order of revivor may be made upon the motion of any party to the action, or his representative or successor, suggesting the death or cessation of power, which, with the name and capacity of the representative or successor shall be stated in the order; or, it may be done upon the petition of any of the parties just named. We think it reasonably clear from the language of the statutes, *supra,* that the action should have been revived in the name of Mrs. A. M. Robertson's successor in the office of executor of the estate of her husband, and not by her administrator. It was so held in Thomas v. Maysville Gas Co., 112 Ky. 569.

2. It is further contended that the court erred in admitting evidence denying the genuineness of the receipt relied on in the answer and subsequently filed, as above stated.

Section 527 of the Civil Code of Practice reads as follows:

"A writing purporting to have been made by a party, if referred to in, and filed with, a pleading of his adversary, may be read as genuine against him, unless he deny its genuineness by affidavit before the trial is begun."

And section 473 of the Kentucky Statutes further provides:

"The execution of a writing on which a suit or defense is founded, or its assignment, shall only be denied by answer or other pleading verified by oath."

The party is not confined in his evidence to such writings as he has relied on in his pleadings. The only benefit which a party derives from filing with his pleadings

writings relied on as evidence is that, unless denied as provided by section 527, *supra,* they may be read as genuine.

The denial may be made by a verified pleading as well as by affidavit. Harrison v. Rees, 19 Ky. L. R. 658, 41 S. W. 431; Spencer v. Society of Shakers, 23 Ky. L. R. 854, 64 S. W. 468.

But, if the writing is filed with and made a part of the pleading, it may be read as genuine against the opposing party unless he denies its genuineness, either by affidavit or by verified pleading, before the trial is begun. Haney v. Tempest, 3 Met. 96; Barrett v. Coburn, 3 Met. 512; Wells v. Lewis, 4 Met. 269; Long v. Kerrigan, 13 Ky. L. R. 433, 16 S. W. 708; Gentry v. Doolin, 1 Bush 1; Harrison v. Rees, *supra;* Spencer v. Society of Shakers, *supra;* Beeler's Exor. v. C. T. & T. Co., 150 Ky. 259.

It is suggsted, however, that since this receipt was not filed with the answer, but was subsequently filed after the first trial was had, the case is not within the rule. The order, however, filing the original receipt made it a part of the answer, and this was as effective from that date as if it had been filed, on that date, with and as a part of an amended answer. The case stood, therefore, as if the defendant had on that day filed an amended answer to which the plaintiff might have objected, or asked time to plead if he desired to do so. But, in failing to make any objection to the filing of the original receipt the plaintiff treated it as properly filed as a part of the answer, as of that date; and, it was incumbent upon him to file the affidavit controverting its genuineness as required by section 527 of the code, under the penalty of having it read against him as genuine.

We are of opinion, therefore, that the trial court erred in permitting evidence to go to the jury denying the genuineness of the receipt. The affidavit may, however, be filed upon the return of the case to the circuit court.

3. It is further insisted that the court erred in permitting the testimony of Mrs. A. M. Robertson, given at the first trial, to be read to the jury upon the second trial. When the plaintiff proposed to read this testimony the defendant objected because no affidavit had been filed showing that Mrs. Robertson was dead. The court sustained the objection, saying the evidence was competent, but a proper foundation should be laid. Thereupon, the plaintiff introduced G. H. Robertson, who was not a

party to the action, and by him and over defendant's objection, proved the death of Mrs. A. M. Robertson.

Section 4643 of the Kentucky Statutes reads as follows:

"The testimony of any witness or witnesses taken by said reporter in any court or division as aforesaid shall constitute a part of the record in the case, and may, in the discretion of the presiding judge, be used in any subsequent trial of the same case between the same parties, where the testimony of such witness or witnesses cannot be procured, which fact must be made to appear satisfactorily to the court by the affidavit of the party desiring to use the same, or his attorney: Provided, that in criminal cases such testimony shall be so used only upon the consent of the defendant."

This statute has repeatedly been construed by this court. Kentucky Trac. & Ter. Co. v. Downing, Admr., 159 Ky. 502; Felty v. Felty, 164 Ky. 358; Southern Ry. v. Owen, 164 Ky. 573.

The practice under the statute was stated in the Owen case, *supra,* as follows:

"The court is also of the opinion that where a party proposes to use the former evidence of a witness, it would be the better practice to file the affidavit and make the necessary motion for the admission of the former evidence before the trial is entered into and before the parties are required to announce as to their readiness for trial."

Where, however, the record affirmatively, and without contradiction, shows the death of the witness, it is not necessary to file the affidavit. Ky. Trac. & Ter. Co. v. Downing, Admr., *supra.*

When this case was revived upon the written statement of plaintiff's attorney showing Mrs. Robertson's death, the court entered an order finding that fact to be true, and appointed a successor for that reason. This was a sufficient compliance with the statute. When the record affirmatively showed that Mrs. Robertson was dead for one purpose, she must be treated as dead for all purposes, in this case.

For the errors heretofore indicated, however, the judgment is reversed and the action remanded for further proceedings.