## Robertson v. Robertson's Admr.

(Decided October 24, 1919.)

### Appeal from McCracken Circuit Court.

1. Pleading—Verification.—The denial required by sections 527 of the Code and 473 of the Statutes before evidence is admissible at-

tacking the verity of a writing relied upon and filed with a pleading, must be by affidavit or verified pleading of the adverse party, but where such party is a corporation acting in a fiduciary capacity and its president and chief officer, who by section 117 of the Code was required to make the verification, was unwilling or incapacitated to act, a verification by the attorneys and three of five of those beneficially interested was a substantial compliance with the Code and statutory provisions.

2.  Depositions—Use of in New Action.—A deposition, a part of the record in another suit which had been dismissed without prejudice because revived in the name of the wrong party, was available to the parties upon the trial of a new suit brought in the name of the proper administrator because both actions involved the same issue between the same interested parties, but it was necessary to file the deposition in the new action before trial as required by section 585 of the Code, before it could be read as evidence in the new action.

3.  Appeal and Error—Supplying Parts of Record.—An appellee at any time before a final decision will be allowed to supply portions of the record inadvertently or mistakenly omitted by the clerk which are necessary to a correct decision of the case.

4.  Appeal and Error—Depositions in Transcript.—Where a deposition was lodged and remained with the papers in the case from its inception, and was treated and considered by all parties as a part of the record in the lower court, and when an order was made before trial permitting it to be read as evidence, it should have been embodied in the clerk's transcript of the record even though there was no order filing it.

5.  Appeal and Error—Failure to File Exceptions to Deposition—Waiver.—A deposition having been lodged with the papers in the action before trial by the party desiring to use it, and having been treated by all parties as part of the record, the adverse party by failing to file exceptions as required by section 587 of the Code waived every objection thereto except as to relevancy and competency.

CAMPBELL & CAMPBELL for appellant.

JOHN K. HENDRICK, REED & CLAY and HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an action upon three notes executed to appellee's intestate by appellant. Appellant filed with and as a part of his answer a paper purporting to be a receipt from the decedent of full payment of the notes sued on.

The reply attacked the genuineness of this receipt and a trial of this issue resulted in a verdict and judg-

ment against the defendant for the amount of the notes with interest and costs, and he appeals.

As grounds for a reversal he urges: (1) that the reply was not verified before trial as required by sec. 527 of the Civil Code and sec. 473 of Kentucky Statutes; hence the receipt must have been accepted as genuine; and, (2) the deposition of E. P. Davis given in the case of Mechanics' Trust & Savings Bank, as administrator of A. M. Robertson against appellant, was improperly admitted as evidence against him in this case over his objections and exceptions.

1.   Section 527 of the Code provides: "A writing purporting to have been made by a party, if referred to in, and filed with, a pleading of his adversary, may be read as genuine against him, unless he deny its genuineness by affidavit before the trial is begun."

Section 473 of the Statutes reads: "The execution of a writing on which a suit or defense is founded, or its assignment, shall only be denied by answer or other pleading verified by oath."

The denial required by these provisions before evidence is admissible attacking the verity of a writing relied upon and filed with a pleading of an adversary, may be by affidavit or verified pleading.   (See authorities cited in Robertson vs. Robertson's Admr., 174 Ky. 836.)

The Mechanics Trust & Savings Bank, as administrator of G. W. Robertson, the payee of the several notes sued on, is the adverse party to appellant here, and by the letter of the law was required to deny by affidavit or verified pleading before trial, the genuineness of the receipt filed by appellant with his answer, to avoid its acceptance as genuine.   The president of the bank, who was in the county and therefore, by section 117 of the Code, the person authorized to verify a pleading for the bank, declined to do so because he had upon a former trial of the same issue, testified and still believed the signature of G. W. Robertson to the receipt to be genuine.   Under such circumstances he could not, of course, make affidavit that the receipt was not genuine, and appellant's counsel insist no one else was authorized to make the denial as required, and hence by this circumstance, the means of a trial of the issue was closed to all parties, although the bank had only a legal title to the notes as a fiduciary without any beneficial interest. If so, a gap in the law has been discovered through which

a debtor may escape civil liability, as the result of legislative enactment regulating procedure.

It is not of course urged that such was the intention of the legislature, but nevertheless we are asked to view the situation impotently, and to submit, if not approve. However, the legislature in the same section which requires the verification of a corporation's pleading to be made by its chief officer or agent, provided that it could be done by the attorney for the corporation, if it had no such officer or agent residing in the county, evincing clearly the purpose that the verification should be made by the chief officer or agent available for that purpose, but overlooking and failing to provide for the possibility of his being a resident of the county, but incapacitated to act. Under similar circumstances we held in Estill County vs. Richmond R. R. Co., 91 Ky. 349, 15 S. W. 862, that when the county judge, the chief officer of the county, refused to verify, the county attorney might do so, or if he refused, some person authorized to order institution of the action might do so.

The only purposes for requiring a verified denial before trial, as a matter of practice, are to inform the party relying upon the writing that its verity will be attacked, in time to enable him to procure his witnesses and be prepared at the trial to sustain it, and to prevent the presentation of any but a *bona fide* attack upon a written instrument. It was never contemplated or intended that such an attack should fail simply because of the refusal or incapacity of the chief officer of a corporation to act.

The reply denying the validity of the receipt was verified before trial by the three attorneys representing the plaintiff and by three of the five persons beneficially interested in the litigation, and this was under the circumstances a substantial compliance with the statutory and code provisions.

2. Appellant's other ground for reversal is the admission of the deposition of E. P. Davis as evidence upon the trial of this case. This deposition was not copied into the original transcript of the record, only the questions and answers of the witness appearing in the stenographer's report of the evidence, and there was no order in the record showing that it had been filed with the papers of the case before or after the commencement of the trial. Nor could we, from an order permitting it to be read as evidence, presume that it had been filed in

this case before trial or at all when it was not copied as a whole into and certified as part of the record by the clerk. That it appeared in the record only in part and for the first time in the stenographer's report of evidence offered during the trial, indicated rather that it had not been filed with the papers in the case before trial. Upon that record we considered the admission of this evidence error, and prejudicial because of its peculiar importance and effect upon the vital issue, and for this sole reason reluctantly ordered a reversal of the third verdict in appellee's favor in an opinion delivered March 14, 1919. Since that opinion was delivered, and while a petition for rehearing was pending, appellee entered a motion to set aside the submission and for permission to amend and supplement the transcript of the record herein.

The omitted record and supporting affidavits offered are: (1) the original deposition of E. P. Davis, with its caption, the certificate of the officer before whom it was taken and the certificate of the clerk of the McCracken circuit court in which this suit was pending, that it was regularly filed on April 6, 1917, in the case of Mechanics' Trust & Savings Bank, Admr. of Mrs. A. M. Robertson vs. Charles L. Robertson; (2) the certificate of the clerk of the McCracken circuit court that the records in his office show that when the case of Mrs. A. M. Robertson, Executrix of G. W. Robertson, Deceased vs. Charles L. Robertson, was dismissed without prejudice upon motion of the plaintiff, both parties were granted permission to withdraw "exhibits" filed with their pleadings, and that when this action was filed two days later all of the "exhibits" in that case, "including the deposition of E. P. Davis, were withdrawn and filed with the papers in this case"; (3) affidavits of the trial judge and appellee's counsel that this deposition was with the papers in this case when, before the trial, permission was granted to plaintiff, over defendant's objection, to read same as evidence on the trial. It has long been the established practice of this court to permit the appellee at any time before the final decision to supply omitted portions of the record which the appellant has failed to bring up on appeal, and which are essential to the correct decision of the case. Wade vs. First National Bank, 11 Bush 697; Bank of Kentucky vs. Commonwealth, 32 Ky. L. R. 1087; Stewart vs. Blue Grass Canning Co., 121 S. W. 609; Leonard's Admr. vs.

Cowling, 121 Ky. 631; Breathitt Coal, Iron & Lumber Co. vs. Patrick, 144 Ky. 601; Wade vs. Wade, 154 Ky. 24; L. & N. R. Co. vs. Woodford, 157 Ky. 426; Miller Creek R. Co. vs. Barnett, 160 Ky. 845; C. & O. R. Co. vs. Kelly's Admx., 161 Ky. 660.

The caption and certificate show this deposition was regularly taken upon notice to be read as evidence upon behalf of plaintiff "in an action pending in the McCracken circuit court wherein the Mechanics' Trust & Savings Bank, Admr. of Mrs. A. M. Robertson, deceased, is plaintiff, and Charles L. Robertson is defendant, said action to be revived in the name of Mechanics' Trust & Savings Bank, Admr. of the Estate of George W. Robertson, Deceased." Suit was first filed against defendant on these notes by Mrs. A. M. Robertson, Executrix of G. W. Robertson, and upon her death mistakenly revived in the name of the Mechanics' Trust & Savings Bank, as her administrator, instead of that of her husband, the payee of the notes, the bank having been, after Mrs. Robertson's death, appointed administrator of both estates. Because of this mistake in the party plaintiff, as well as for a failure to verify the pleading attacking the verity of an alleged receipt in full of the notes sued on, which defendant filed with and made part of his answer, the judgment rendered therein for plaintiffs was reversed by this court, 174 Ky. 836. Upon a return of the case it was dismissed without prejudice, and this new action instituted in the name of the proper plaintiff, G. W. Robertson's Admr., against the same defendant on the same notes, and the same issue was formed in this action as the one dismissed. Hence this deposition taken in the old case was available in this one as evidence for the plaintiff. Kerr vs. Gibson, 8 Bush 129; Oliver vs. L. & N. R. Co., 32 S. W. 759; Andricus vs. Pineville Coal Co., 121 Ky. 731.

But before any deposition can be read as evidence it must be "filed with the papers in the case before trial" as required by section 585 of the Civil Code. Not only do the caption and certificate of the deposition, now before us for the first time, show that it was regularly taken to be read as evidence upon a trial between the parties to *this* action of the one issue involved in both cases, but it is made to appear from the affidavit of the clerk and judge of the court, filed herein in support of the motion to now make this deposition a part of the record, that it was lodged and has been with the

papers in this case at all times since the petition was filed and when the order was made before trial permitting it to be read as evidence over the objection of the defendant. That this is true the appellant does not deny. It is, therefore, apparent that the deposition was in fact with the papers in this case at all times since its inception and treated and considered by all parties as having been filed herein, although no formal order seems to have been made filing it in this case. Under such circumstances this deposition must be considered on appeal as part of the record in the case, as it was in the lower court, and should have been embodied in the transcript as such by the clerk. Long vs. Kerrigan, 21 S. W. 99; Bowling Green Gas Light Co. vs. Dean, 141 Ky. 473, 132 S. W. 1035. As the vital question upon the appeal is whether or not this deposition was properly admitted as evidence upon the trial, and that question turns upon whether it is to be considered as having been filed in this case before trial, it is apparent that appellee's motion to supplement the record by making it a part thereof should be and it is sustained.

Since upon the corrected record the deposition must be considered as having been filed before trial, and as the competency of the witness and the relevancy and competence of his testimony are not questioned, appellant by failing to file exceptions as required by section 587 of the Code, waived every other objection thereto and the court did not err in permitting the deposition to be read as evidence upon the trial of this case.

Wherefore, the motion to set aside the submission is sustained, the omitted record filed, the petition for rehearing granted, the original opinion withdrawn and the judgment affirmed.