## Overbee v. Fordson Coal Co.

(Decided Sept. 30, 1932.)

E. J. PICKLESIMER for appellant.

HARMAN, FRANCIS & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, W. A. Overbee, who was the plaintiff below, was injured at the tipple of the Fordson Coal Company's mine in January, 1924. He was not then an employee of the company. While he was incapacitated by the injury, the company furnished him with groceries and probably some money, and, on February 27, 1924, paid to him $265 in settlement of all claims arising out of the accident. A few weeks thereafter he was employed by the company as a bone picker at its coal tipple at a wage of 75 cents an hour, and he continued in its employ until February 7, 1928, when he was discharged.

In July, 1928, he brought this suit, alleging that in settlement of all claims for injuries received by him in an accident at appellee's coal tipple in January, 1924, the appellee agreed to furnish him employment for the remainder of his life and pay him at the rate of 75 cents an hour for the eight-hour day, and that appellee had breached this agreement by discharging him and refusing to continue the payment of his wages.

The company filed an answer which was a traverse. It later filed an amended answer, duly verified, in which it pleaded and relied upon a written receipt dated February 27, 1924, signed by appellant, as a complete settlement and release of all claims for damages against it arising out of the injuries received by appellant in January, 1924. The original writing was filed with the amended answer, and reads as follows:

"County of Pike, State of Kentucky

"In consideration of the payment of Two Hundred and Sixty-Five Dollars ($265.00) receipt of which is hereby acknowledged I, W. A. Overbee, do hereby release and forever discharge the Fordson Coal Company, Incorporated, from any and all actions, causes of actions, claims and demands for, upon, or by reason of any damage, loss or injury, which heretofore have been or which hereafter may be sustained by me in consequence of injuries sustained on or about the 18th day of January, 1924.

"It being further agreed and understood, that the payment of said Two Hundred and Sixty-Five Dollars ($265.00), together with any other cash or merchandise previously advanced, is not to be construed as an admission on the part of said Fordson Coal Company, Incorporated, of any liability whatever in consequence of said accident.

"In witness whereof, I have hereunto set my hand and seal, this 27 day of February, 1924.
            "W. A. Overbee

"In the presence of
    "M. T. Rengers
    "J. C. Ratliff."

The appellant filed a reply to the amended answer in which he merely denied the execution of the writing. The reply was not verified, nor was the execution of the writing denied by affidavit. A trial was had, and a verdict was returned for the plaintiff which was set aside.

On the next trial, during the cross-examination of the plaintiff, the defendant introduced in evidence and read to the jury the agreement of settlement filed with its answer. Over the defendant's objections, the plaintiff then offered testimony by which he sought to deny the genuineness of this writing. The offered testimony was not sufficient to disprove the genuineness of the writing, but with that question we are not concerned. At the conclusion of all the evidence offered by the plaintiff, the court sustained the defendant's motion to exclude from the jury all the evidence by which it was sought to deny the execution of the writing or to set up any contract other than the one set forth therein. The jury was then directed to find for the defendant, and from the judgment dismissing his petition the plaintiff has appealed.

The written contract of settlement which purports to be a complete settlement of all claims arising out of plaintiff's injuries was not attacked for fraud or mistake, but the plaintiff in his reply sought to avoid its terms by denying its execution. The reply not having been verified and no affidavit denying the execution of the writing relied on by the defendant and filed with its amended answer having been filed, the sole question presented is: Should the writing be treated as genuine?

Section 527 of the Civil Code of Practice reads:

"A writing purporting to have been made by a party, if referred to in, and filed with, a pleading of his adversary, may be read as genuine against him, unless he deny its genuineness by affidavit before the trial is begun."

And section 473 of the Statutes provides:

"The execution of a writing on which a suit or defense is founded, or its assignment, shall only be denied by answer or other pleading verified by oath."

Appellant cites section 138 of the Civil Code of Practice, which provides that:

"No objection shall be taken, after the commencement of the trial, to any pleading for the want of, or a defect in, the verification,"

and relies upon Myers v. Douglass, 99 Ky. 267, 35 S. W. 917, 18 Ky. Law Rep. 169, as supporting his contention that the appellee waived its right to object to the introduction of evidence denying the genuineness of the writing because of lack of verification of the reply, since no objection was taken until after the commencement of the trial. In the Myers Case, section 527 of the Code was not referred to, and, so far as the opinion discloses, there was no objection on the trial to testimony to the effect that the note sued upon was a forgery. After the verdict for the defendant in that case, the plaintiff filed a motion for a judgment notwithstanding the verdict on the theory that the unverified answer, which alleged that the note was a forgery, was not sufficient to support a verdict. However, evidence on this point had been admitted without objection, and, after the verdict, it was too late to raise the objection.

The objection here is not to the pleading but to the right of the plaintiff to introduce evidence denying the genuineness of the writing filed with the amended answer when its genuineness had not been denied by a verified pleading or by affidavit filed before the beginning of the trial.

Section 138 of the Code applies to pleadings, while section 527 controls the introduction of evidence. Under the latter section, where a writing purporting to have been made by a party is relied upon by his ad-

versary and is filed with the pleading, it may be read as genuine against him, unless he deny its genuineness by affidavit or verified pleading before the trial is begun. Robertson v. Robertson's Administrator, 174 Ky. 836, 192 S. W. 878, 879, is directly in point and controlling.

The plaintiff in that case sued on three notes, and the defendant interposed a plea of payment, and as evidence thereof he relied upon a writing purporting to have been signed by the holder which recited that the notes had been satisfied. A copy of the alleged receipt was filed with the answer. The plaintiff filed a reply, which was unverified, alleging that the receipt was a forgery. After one trial had been had and the verdict set aside, the defendant filed the original receipt, and it was, by an order, made a part of his answer. On the second trial, and after the original receipt had been filed, the trial court permitted testimony against the genuineness of the receipt to be introduced by the plaintiff, and, in holding that this was error, this court, after quoting section 527 of the Civil Code of Practice and section 473 of the Kentucky Statutes, said:

"The party is not confined in his evidence to such writings as he has relied on in his pleadings. The only benefit which a party derives from filing with his pleadings writings relied on as evidence is that, unless denied as provided by section 527, supra, they may be read as genuine.

"The denial may be made by a verified pleading as well as by affidavit. Harrison v. Rees, 19 Ky. Law Rep. 658, 41 S. W. 431; Spencer v. Society of Shakers, 23 Ky. Law Rep. 854, 64 S. W. 468.

"But, if the writing is filed with and made a part of the pleading it may be read as genuine against the opposing party unless he denies its genuineness, either by affidavit, or by verified pleading, before the trial is begun."

That case is conclusive of the question presented. Judgment is affirmed.