# Grant County Assessment Fire Ins. Co. v. Scroggins et al.

June 7, 1940.

J. G. Vallandingham, Judge.

732

C. C. Adams for appellant.

R. L. Vincent and H. W. Vincent for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

On April 10, 1933, the appellant issued to the appellee, Scroggins, a policy of fire insurance covering his residence, a crib, and a "Board Roof Barn No. 1, 56 by 40 feet by 16 feet high". The word· "Board" and the figures "56" "40" and "16" were inserted in the blank spaces provided on the company's regular printed form under the heading "property Insured", and opposite this description under the heading "Amount Insured" appear the figures "700.00". The policy covered a period of five years and limited the liability of the company to direct loss or damage to the property covered "While located and contained as described in the application of the insured and not elsewhere". By an express provision the application was made part of the policy, and attached thereto was a mortgage clause by which the loss, if any, was made payable to the Federal Land Bank of Louisville. On July 23, 1936, a barn owned by the appellee, Scroggins, was destroyed by fire resulting from lightning, and on January 20, 1937, he instituted this action to recover the insurance. A copy of the policy was filed with the petition, and it was alleged that by reason of the mortgage clause contained in the policy the Federal Land Bank was a necessary party to the action. However, no summons was ever issued against the Land Bank and it did not appear in the litigation until it reached this court, at which time it entered its appearance to the appeal.

In its answer, the appellant admitted the execution and delivery of the policy but denied that the barn insured thereby had been struck by lightning or burned. It set forth in full the application for the policy signed by the insured in which the barn was described as a board roof barn "56 by 40 ft. by 16 ft. high", above which description were written the words—"North side

of Mason & Lawrenceville Pike ½ mile of Pike". A copy of the application which consisted in part of a premium note also signed by the insured, was filed as an exhibit; and it was affirmatively alleged that the barn described in the application and covered by the policy had never been struck by lightning or burned. In an unverified reply, the appellee, Scroggins, denied signing an application in the words set forth in the answer or that the application which he signed contained the words "½ mile of Pike", and, in a second paragraph pleaded that under the provisions of Section 762a-18, Kentucky Statutes, the appellant was precluded from predicating a defense upon the application because it had not been attached to or embodied in the policy. Prior to the trial, the original application was filed by the appellant and disclosed that it had been written in lead pencil and that the words "½ mile of Pike" had been inserted, apparently in the same handwriting, beneath the line on which appeared the words "North side of Mason & Lawrenceville Pike".

We have not overlooked the motions or demurrers interposed to the various pleadings of the respective parties. We have refrained from discussing them, not only because in many instances the trial court appears to have made no ruling thereon, but because in our opinion the decision of the case is controlled by the principles to be hereinafter discussed, which will on another trial necessitate a peremptory instruction for the appellant unless the pleadings are reformed. For the same reason, we shall not recite the testimony introduced at the trial which resulted in a verdict and judgment for the appellee, Scroggins.

We shall first consider the contention of appellee's counsel that the appellant could not predicate a defense on the application because it was not attached to or embodied in the policy, for, if he is correct in this contention, the appellee would be entitled to a peremptory instruction in his favor, as, admittedly, a barn of the dimensions given in the policy was struck by lightning and destroyed. In his brief, counsel for appellee relies not only upon the provisions of Section 762a-18, Kentucky Statutes, but, upon the provisions of Sections 656 and 679, Kentucky Statutes. It is sufficient to say that the last two sections have no application to policies

of fire insurance, as is apparent from the titles under which they appear as well as the wording of the sections themselves; and that Section 762a-18, even if it was susceptible to a construction which would prohibit an application from being resorted to in order to determine the identity of the property insured, has no application to co-operative or assessment fire insurance companies, to which category the appellant belongs. It is not contained in the chapter relating to such companies, and the title to the act discloses that it was intended primarily to prohibit rebates. Moreover, it was enacted at the 1916 Session of the Legislature, and Section 722a-6, also enacted at the 1916 Session expressly provides that no other act relating to insurance or insurance companies adopted at the 1916 Session should apply to ''Co-operative or Assessment Fire Insurance Companies'' incorporated under the laws of this State.

Although the trial judge permitted the introduction of the application in evidence, he also permitted the appellee, Scroggins, to state that while it bore his signature and was accurate in other respects, it did not contain the words ''½ mile of Pike'' when he signed it. This was clearly improper in view of the fact that the application had not been attacked by a plea of fraud or mutual mistake. In the absence of an affirmative plea of non est factum or a plea of fraud or mutual mistake, the appellee, Scroggins, was bound by the terms of the application. The only plea under which he would have been entitled to introduce testimony that the application had been altered after he had signed it, was the latter plea, for, under a plea of non est factum, he would have been confined to the introduction of testimony tending to prove that he had not signed the application. Neale v. Hays, 15 Ky. Law Rep. 784. In any event the appellee, Scroggins, was precluded by the provisions of Section 527, Civil Code of Practice, from attacking the verity of the application, since he failed to file either a verified reply, or, prior to the trial, an affidavit attacking its genuineness. Robertson v. Robertson's Adm'r, 174 Ky. 836, 192 S. W. 878. Since the application geographically located a barn admittedly owned by the appellee and situated approximately one mile and a half from the barn that burned, the appellant was entitled to a peremptory instruction to find in its favor, notwithstanding the fact that the dimensions of the

barn that burned accurately corresponded to the description given while the dimensions of the unburned barn did not. Appellant was also entitled to a peremptory instruction because of the mortgage clause attached to the policy which provided that the loss, if any, should be payable to the mortgagee, the Federal Land Bank, and hence vested the right of action in that corporation.

Other errors are complained of, such as the admission of photographs of the unburned barn taken several years after the fire occurred without sufficient proof that the barn was in the same condition when the photographs were taken as it was when the policy of insurance was written. However, these errors are not likely to occur at another trial in which the court will instruct the jury peremptorily to find a verdict for the appellant unless by appropriate pleadings and proof the appellees shall have attacked and reformed the application on the ground of fraud or mutual mistake.

Appellant's motion for an allowance to the clerk of the Circuit Court of $10 to defray the cost of certifying and delivering certain exhibits to this court is overruled.

Judgment reversed for proceedings consistent with this opinion.