## Vincent et ux. v. Nichols.

October 29, 1946.

V. R. Logan for appellants.

C. E. Whittle, Pleas Sanders, B. T. Rountree and Chester O. Carrier for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

In December 1926, appellants executed their note to J. T. Alexander in the sum of $450. In order to secure the payment thereof they executed a mortgage on their home in Edmonson County.

On July 13, 1931, Alexander died intestate leaving surviving him as his only child and heir at law the appellee herein. Thereafter this action was brought by appellee for the purpose of selling the property described by the mortgage for the satisfaction of the balance due on the note.

Appellants filed a plea in bar which set out that a prior action involving the same issues had been filed by appellee against appellants; that issues had been joined, a jury impaneled, evidence heard, and that before submission of the issues to the jury the action was dismissed on motion of the plaintiff by the following order:

"This cause coming on to be heard and the parties *announces* ready for trial, then came the following jury: (names omitted by pleader) who after hearing the evidence, the same was withdrawn by the plaintiff and dismissed by the plaintiff at plaintiff's costs for which he may have execution."

A demurrer was sustained to this plea in bar and thereafter an answer was filed which admitted the execution of the note and pleaded payment. As exhibits to that answer the appellants filed cancelled checks and receipts purporting to show satisfaction of the note sued on. At the trial the appellant, B. H. Vincent, introduced these exhibits in evidence, but when he undertook to testify concerning them the court sustained an objection to such testimony under the provisions of Section 606, Subsection 2, of the Civil Code of Practice.

Appellants insist that the receipts should have been read as genuine against the appellee pursuant to the provisions of Section 527 of the Civil Code of Practice which provides:

"A writing purporting to have been made by a party, if referred to in, and filed with, a pleading of his

adversary, may be read as genuine against him, unless he deny its genuineness by affidavit before the trial is begun.''

The affidavit required by this section was never filed and the reply denying the allegations of the answer was not verified.

' After the court sustained the objections to the offered testimony of B. H. Vincent concerning payments to Alexander, and since no other evidence was offered by appellants, a judgment was directed in accordance with the prayer of the petition.

From this statement of the case it will be seen that the two main questions for determination are whether the court erred in sustaining the demurrer to the plea in bar, and the correctness of the ruling as to the admissibility of evidence concerning the receipts filed as exhibits with appellants' answer.

Section 371 of the Civil Code of Practice permits the plaintiff to dismiss an action without prejudice before final submission of the case. It is clear from the court's order quoted in appellants' pleading that the first action was dismissed by the plaintiff. Since the order of dismissal does not contain the words ''without prejudice,'' it is argued that the action was dismissed on its merits. We do not agree with this contention. It seems to us that an action must either be dismissed without prejudice or it must be dismissed on its merits, and if the action is dismissed by the plaintiff it is dismissed pursuant to the provisions of Section 371 which deals entirely with dismissals of actions without prejudice. We have found no authority which requires that the order of dismissal state that such dismissal is ''without prejudice.'' On the contrary, the authorities seem to indicate otherwise. See Hibler v. Shipp, 78 Ky. 64; C. I. T. Corporation v. Teague, 293 Ky. 521, 169 S. W. 2d 593.

In the last cited case an order of dismissal was construed as a dismissal without prejudice although the words ''without prejudice'' did not appear in the order. The same is true in the Hibler case except that there the order granted permission to withdraw the note sued on.

We think the record as a whole indicates that the

dismissal of the first action indicated an intention on the part of the appellee to institute another action. Certainly, there is nothing to indicate a contrary intention, and, under these circumstances, we hold that the dismissal of the first action was without prejudice to appellee's right to bring this one. It therefore follows that the court properly sustained the demurrer to the plea in bar.

As to the contention that the court should have permitted the appellants to read the receipts as genuine against appellee, under the provisions of Section 527 of the Civil Code of Practice, it may be pointed out that the receipts were not signed by appellee. Without determining whether Section 527 applies to the facts in this case (see Robertson v. Robertson's Adm'r, 185 Ky. 503, 214 S. W. 972), and assuming arguendo that the receipts are genuine, the question still remains as to whether these exhibits represent payments on the particular notes sued on. There is no evidence to indicate that they relate to the note involved here. On the contrary, one of the exhibits, which is a check marked "settlement in full on place," signed by J. E. Vincent and payable to B. H. Vincent, but endorsed by Alexander, is dated August 7, 1925, which was more than a year before the execution of the note and mortgage involved in this action.

The issue to be determined is not whether the exhibits are genuine, but whether they represent payments on the note sued on. Since the testimony of B. H. Vincent concerning these payments was properly excluded (Section 606 Civil Code of Practice; Vannatta v. Willett's Adm'r, 103 Ky. 354, 45 S. W. 85; Cornelius' Adm'r v. Miles, 53 S. W. 517, 21 Ky. Law Rep. 947; Woods v. White, 253 Ky. 263, 69 S. W. 2d 349), there is no evidence whatever to connect these alleged payments with the indebtedness for which the judgment was given.

Appellants also contend that the pleadings show a variance in the description of the property involved, but this confusion was remedied by proof introduced at the trial and by the judgment. Other criticisms of the judgment are without merit.

Since we find no prejudicial errors in the record, the judgment is affirmed.