## ROSE v. CALLAHAN.

Court of Appeals of Kentucky.

Feb. 22, 1952.

Williams & Allen, Jackson, for appellant.

Ollie James Cockrell, Jackson, for appellee.

MORRIS, Commissioner.

Appellant by his action sought to recover of appellee on the following note: "12-30-49. I promise to pay to E. C. Rose, $1000.00. Jan. 5, 1950." The petition is in the usual form. Appellee by answer denied all its allegations. After introduction of proof, the jury by a nine-member verdict found in favor of appellee. Judgment was entered in accord and appeal granted.

Appellant testified that the note was due and unpaid, and stated that it was for store accounts. At the close of his testimony a conference was held in chambers and appellee said that he was surprised by the statement that the note was given for store accounts, which by way of affidavit he denied owing. It was developed by way of affidavits that appellee claimed that the note was executed for what appears to have been a questionable transaction growing out of the sale of his interest in a hardware business.

Objection was interposed to any evidence proposed to be offered by appellee concerning the execution of the writing, because his answer had not been verified, nor affidavit filed before trial was begun, denying the genuineness of the note. Section 527, Civil Code of Practice. Based upon this fact, appellant moved the court to instruct the jury to return a verdict for the amount of the note. This was overruled. Appellee then moved that the court permit him to verify his pleading or continue the case. The whole matter of defense was threshed out before the court. The court declined to continue the case, but permitted appellee to verify.

The trial was resumed and over objection appellee testified that he had signed the note but never intended to pay it. He said that he had never owed, nor had demand been made of him for payment of "any store account." His testimony was to the effect that he and Rose "could not get along" in their hardware business, and it was proposed to buy or sell on a "give or take proposition." Appellee offered to take $12,000 for his interest. He later sold his interest to Green for $12,000.

"He told me that he would get Green to buy his part, and he did; then he told me he thought that I had set the price too high, and I said, 'I don't think so;' then he said, 'Well you pay income tax on $12,000 and take $10,500 and I told him that I wouldn't do that and then he asked me if I would pay income tax on $12,000 and take $11,000 for it. I told him that I didn't know but that I might do that and then he drew up this writing or note and I signed it. Then he told me that Green was paying me $12,-000 for the store and he told me to slip him back $1000 of it and not let Green know it."

He testified that when he signed the writing he did not think it would amount to anything. He also said the note had been altered after delivery. Appellant renewed his motion for a directed verdict, and fol-

lowing the verdict moved for judgment notwithstanding the verdict. Appellant moved for a new trial on the grounds that the court had erred in failing to sustain the motion for a judgment non obstante veredicto, and had admitted incompetent and prejudicial evidence. Section 527, Civil Code of Practice, reads: "A writing purporting to have been made by a party, if referred to in, and filed with, a pleading of his adversary, may be read as genuine against him, unless he deny its genuineness by affidavit before the trial is begun."

Construing this section in Robertson v. Robertson's Adm'r, 174 Ky. 836, 192 S.W. 878, wherein there had been no compliance with the section, we held that no evidence could be introduced touching the execution of the note. To a like effect is the holding in Overbee v. Fordson Coal Co., 245 Ky. 94, 53 S.W.2d 210.

Appellee's brief only insists that since there was no objection to the filing of the pleading (appellee's answer) before trial, objection came too late. Civil Code of Practice, Sec. 128. Appellant retorts that his objection was directed to the introduction of evidence relating to the execution of the paper, as was the situation in the Overbee-Fordson Coal Company case.

Aside from the fact that the pleading was verified after appellant had testified, appellee did not amend, or offer to amend his answer by alleging his several affirmative defenses advanced by his testimony. He testified as to almost every conceivable defense except non est factum, since he admitted execution and delivery of the note. He testified that the note had been altered by insertion of the due date; also as to lack of consideration; and his testimony indicated fraud. A plea of no consideration must be by verified pleading. KRS 371.050. Fraud must not only be proven but must be pleaded. That appellee's testimony in these respects was incompetent and prejudicial there is no doubt.

Since there was no pleading in support of appellee's defenses as manifested by his proof, the court should have sustained appellant's motion for a directed verdict. The judgment is reversed with directions to set it aside.