**Lera Baker SHARP'S ADM'R (Cary Baker), Appellant,**

v.

**Ryman SHARP'S ADM'R (Paul Sharp), Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1955.

John S. Cary, Burkesville, for appellant.

Harlan E. Judd, Burkesville, for appellee.

CLAY, Commissioner.

The case calls for the construction of our Wrongful Death Statute, KRS 411.130, with respect to the distribution of the damages recovered. The question is whether the recovery goes to the estate of the decedent's husband, who survived her for a brief time, or to her mother.

Mrs. Lera Baker Sharp was killed in an automobile accident on December 5, 1953. She was survived by her husband and mother but no child. The husband died twenty-six days later from injuries sustained in the same accident. He was survived by children of a former marriage. Thereafter, Mrs. Sharp's administrator settled a claim for damages for her death without suit having been filed, and collected $3,000. The issue as to the proper disposition of the net sum recovered was submitted upon an agreed statement pursuant to KRS 418.020. The circuit court awarded the sum to the husband's estate and the wife's administrator appeals.

Our statute, KRS 411.130, insofar as it is here applicable, provides that an action for death of a person resulting from an injury inflicted by the negligent or wrongful act of another shall be prosecuted by the administrator of the person killed. Paragraph (2) of the statute reads: "The amount recovered * * * shall be for the benefit of and go to the kindred of the deceased in the following order: (a) If the deceased leaves a widow or husband, and no children or their descendants, then the whole to the widow or husband. * * * (d) If the deceased leaves no widow, husband or child, then the recovery shall pass to the mother and father of the deceased * * * and if the father is dead and the mother living, the whole thereof shall go to the mother." Paragraph (e) provides that if the deceased leaves none of the named beneficiaries "then the whole shall become a part of the personal estate of the deceased" and pass to his kindred more remote "according to the law of descent and distribution."

In other jurisdictions there is a wide diversity of opinion with respect to who has the right to maintain an action for wrongful death and who is entitled to the amount recovered. Almost any type of decision is available. See Sedgwick on Damages, Secs. 570, 573; 25 C.J.S., Death, § 40; 16 Am.Jur., Death, Secs. 52, 55, 87, 114, 115, 251, 256. Annotations, Effect of death of a beneficiary upon right of action under death statute, 13 A.L.R. 225, 230; 34 A.L.R. 162; 59 A.L.R. 760; 43 A.L.R.2d 1291; Division among beneficiaries of amount awarded by jury or received in settlement upon account of wrongful death, 14 A.L.R. 516, 532; 112 A.L.R. 30, 39; 171 A.L.R. 204, 215. It may be said that the lack of harmony in the foreign cases is due in a large degree to the difference of language in the various statutes.

The proper construction of our statute has been heretofore decided. In Thomas' Adm'r v. Maysville Gas Co., 112 Ky. 569, 66 S.W. 398, the trial court had adjudged that the cause of action for wrongful death of a son for the benefit of a father abated upon the death of the father while the action was pending. In reversing the judgment, this Court said, 66 S.W. at page 399:

"James Thomas being in esse when his son died, his right attached, and, having attached, descended at his death, with his other personal property. His right is against the administrator, who, under the statute, is authorized to prosecute the suit just as upon other choses in action or claims. The fact that the defendant to the action succeeded in defeating a recovery until one or

more of the beneficiaries died had no effect upon its liability to the administrator. The law regards that as done which ought to have been done; and, if it is finally held liable, those persons who would have gotten the fund if the claim had been paid off when the right attached are not affected by the fact that they did not survive the final result of the litigation."

The foregoing case was cited with approval and the principles therein announced were followed in Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S.W. 237. It was there held that the administrator of the person negligently killed acts as a representative of the surviving designated relative and that if the survivor subsequently dies, recovery goes to the latter's estate and descends as his other personal property.

In Napier's Adm'r v. Napier's Adm'r, 210 Ky. 163, 275 S.W. 379, the administrator of a deceased wife who had survived her husband was held entitled to the damages paid for the husband's wrongful death, although the precise question here presented was not discussed in the opinion.

Appellant attempts to distinguish the foregoing cases, but we can discover no valid basis for distinction. In all of them it was clearly recognized that the person entitled to benefits under the statute *was to be determined at the time of the death of the person wrongfully killed.*

Had the question not been heretofore decided, it seems to us that a different construction of the statute would violate its wording, and would engender endless practical difficulties in its application. The statute says specifically that if the deceased "leaves" a widow or husband (and no children or their descendants), then the amount recovered shall be for the benefit of the widow or husband. When could one spouse possibly *leave* a surviving widow or husband except at the time of the death? To say that the married woman in this case did not leave her husband until the time of the recovery (in this case a settlement

made four months after her death) would certainly be a most unusual construction of the word "leave".

It is argued that the objective of our statute is to benefit those closest living relatives who actually suffer an immediate pecuniary loss as a result of the death, and that in this case the recovery will eventually benefit persons not designated by the statute. While the underlying purpose is that stated, the statute itself recognizes that the recovery may go to remote kindred who very possibly have suffered no loss whatsoever. In addition, we cannot say that a designated beneficiary who dies before the recovery has not been benefited by it, even if, as suggested, the recovery is paid to his creditors.

There are endless practical difficulties and uncertainties which would arise if we decided that the beneficiary under the statute could not be ascertained until the time of "recovery". In the first place, would the time of recovery be the date of a judgment, or an agreed settlement, or the time the damages were actually paid? Secondly, we would be forced to create some strange type of floating cause of action vested in the deceased's administrator with an unknown and unascertainable beneficiary. Yet we have recognized that the administrator acts as the representative of some specific beneficiary designated by the statute. Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S.W. 237, above cited. Thirdly, the administrator, by his control of the claim, would be in a position to determine arbitrarily in many instances who would be the beneficiary. Fourthly, since the administrator would represent no one in particular prior to the date of the recovery, to whom would he be responsible for enforcement of the claim, if anyone? Other almost insurmountable problems are readily apparent.

We have pointed out the above difficulties simply to indicate the vast uncertainty with which the statute would be fraught if the easily ascertainable time of the wrongful death is not determinative of

the beneficiary for whom recovery may be sought. Assuming for the sake of argument that this statute is susceptible of different constructions, clearly that one should be adopted which will avoid uncertainty and confusion. 50 Am.Jur., Statutes, Section 382. On what we consider sound reason and authority, the trial court correctly adjudicated the issue presented.

The judgment is affirmed.